## MATTER OF EGBUNINE

### In Deportation Proceedings

### A-26646255

*Decided by Board September 22, 1987*

(1) Pursuant to sections 245(e)(1) and (2) of the Immigration and Nationality Act, 8 U.S.C. § 1255(e)(1) and (2) (Supp. IV 1986), an alien may not adjust his status if he seeks to receive an immigrant visa on the basis of a marriage which was entered into while the alien is facing administrative or judicial proceedings regarding his right to enter or remain in the United States.

(2) At a minimum, administrative proceedings begin with the filing of an Order to Show Cause and Notice of Hearing (Form I-221) with the Office of the Immigration Judge.

(3) Under section 204(h) of the Act, 8 U.S.C. § 1154(h) (Supp. IV 1986), an alien may not be granted immediate relative status by reason of a marriage which was entered into while the alien is facing administrative or judicial proceedings regarding his right to enter or remain in the United States, unless the alien resides outside of the United States for a 2-year period beginning after the date of the marriage.

(4) An application for a waiver of excludability should not be submitted by an alien subject to the 2-year residence requirement under section 204(h) of the Act, until the respondent becomes eligible for immediate relative status.

CHARGE:

Order: Act of 1952—Sec. 241(a)(4) [8 U.S.C. § 1251(a)(4)]—Crime involving moral turpitude

ON BEHALF OF RESPONDENT:
Dr. Walter H. Oji, Esquire
2600 South Loop West, Suite 155
Houston, Texas 77054

ON BEHALF OF SERVICE:
Charles Wiegand III
Supervisory General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated July 2, 1987, an immigration judge denied the respondent's motion to reopen proceedings. The respondent has appealed. The appeal will be dismissed.

The respondent is a 32-year-old native and citizen of Nigeria. On May 8, 1987, an immigration judge found the respondent deportable on the charge set forth above, denied his applications for

asylum and withholding of deportation, and ordered him deported to Nigeria. The respondent did not appeal the decision. On June 19, 1987, the respondent filed a motion to reopen proceedings so that he could apply for adjustment of status. The immigration judge denied the motion on July 2, 1987.

On appeal, the respondent states that the immigration judge abused his discretion because he did not consider the effect of the respondent's "exclusion" on his United States citizen wife; the immigration judge erred in applying the 2-year foreign residence requirement to the request for relief under section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h) (1982); and the immigration judge erred in finding that the respondent had not stated any new facts that would alter the result of the earlier proceedings.

We have held that an alien must establish prima facie eligibility for the relief sought before a motion to reopen will be granted. *Matter of Tuakoi*, 19 I&N Dec. 341 (BIA 1985); *Matter of Martinez-Romero*, 18 I&N Dec. 75 (BIA 1981), *aff'd sub nom. Martinez-Romero v. INS*, 692 F.2d 595 (9th Cir. 1982); *Matter of Lam*, 14 I&N Dec. 98 (BIA 1972); *see also Matter of Garcia*, 16 I&N Dec. 653 (BIA 1978); *Matter of Sipus*, 14 I&N Dec. 229 (BIA 1972). In order to qualify for adjustment of status under section 245 of the Act, 8 U.S.C. § 1255 (1982), an alien must apply for the relief, establish that he is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and that an immigrant visa is immediately available to him at the time his application is filed.

The record reflects that the respondent was served on August 20, 1986, with an Order to Show Cause and Notice of Hearing (Form I-221) dated May 19, 1986. The deportation hearing convened in October 1986. On April 30, 1987, during the course of the hearings, the respondent married a United States citizen. As noted, the immigration judge's initial decision in this case was rendered on May 8, 1987.

Sections 245(e)(1) and (2) of the Act [1] provide as follows:

(e)(1) An alien who is seeking to receive an immigrant visa on the basis of a marriage which was entered into during the period described in paragraph (2) may not have the alien's status adjusted under subsection (a).

(2) The period described in this paragraph is the period during which administrative or judicial proceedings are pending regarding the alien's right to enter or remain in the United States.

---

[1] These provisions were added to section 245 of the Act by section 5(a) of the Immigration Marriage Fraud Amendments of 1986, Pub. L. No. 99-639, 100 Stat. 3537.

We find that this section governs the disposition of this appeal. At a minimum, administrative proceedings begin with the filing of an Order to Show Cause with the Office of the Immigration Judge. *See* 52 Fed. Reg. 2937 (1987) (to be codified at 8 C.F.R. § 3.14(a)). In this case, the Order to Show Cause was filed on August 26, 1986. The respondent was married on April 30, 1987, while administrative proceedings were ongoing. Therefore, the respondent is not eligible to be adjusted under the provisions of section 245(a) of the Act. Accordingly, he has not demonstrated prima facie eligibility for adjustment of status, and reopening of the proceedings to apply for such relief is clearly not warranted.

Any issue regarding a section 212(h) waiver of excludability is premature. Section 204(h) of the Act, 8 U.S.C. § 1154(h) (Supp. IV 1986), provides that an alien may not be granted immediate relative status by reason of a marriage which was entered into while the alien is facing administrative or judicial proceedings regarding his right to enter or remain in the United States, unless the alien resides outside of the United States for a 2-year period beginning after the date of the marriage. Consequently, any waiver of excludability should be submitted when and if the respondent becomes eligible for immediate relative status.

The respondent also claims that the immigration judge did not consider the hardship his deportation will cause his United States citizen wife. Since the respondent is statutorily barred from adjusting his status under the provisions of section 245(a) of the Act, there is no issue as to the wife's hardship.

In light of the foregoing, we find that the immigration judge properly denied the motion to reopen. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.