## MATTER OF ENRIQUEZ

### In Deportation Proceedings

### A-27158186

*Decided by Board January 14, 1988*

(1) The interpretation that administrative proceedings are still "pending," as that term is used in subsection 245(e)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1255(e)(2) (Supp. IV 1986), until the respondent's departure from the United States, furthers the objective of the Immigration Marriage Fraud Amendments of 1986, Pub. L. No. 99-639, 100 Stat. 3537, which is to ensure that immigration benefits are not obtained through marriage fraud.

(2) A respondent in deportation proceedings is not eligible for adjustment of status under section 245(a) of the Immigration and Nationality Act if his marriage to a United States citizen occurs after an administratively final deportation order has been issued by the immigration judge, but before his deportation has been effected.

CHARGE:

    Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Nonimmigrant—remained longer than permitted

ON BEHALF OF RESPONDENT:
Steven D. Karp, Esquire
9100 Wilshire Blvd., #320
Beverly Hills, California 90212

ON BEHALF OF SERVICE:
Samuel Bettwy
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated February 13, 1986, an immigration judge found the respondent deportable as charged and granted him the privilege of voluntary departure on or before August 1, 1986, in lieu of deportation to the Philippines. The respondent waived his right to appeal when the decision was rendered. On September 21, 1987, the respondent filed a motion to reopen deportation proceedings for the purpose of affording him an opportunity to apply for adjustment of status under section 245(a) of the Immigration and Nationality Act, 8 U.S.C. § 1255(a) (1982). In a decision dated October 8, 1987, the immigration judge denied the respondent's motion. The respondent has appealed. The appeal will be dismissed.

The respondent is a 44-year-old native and citizen of the Philippines who entered the United States on September 24, 1983, as a nonimmigrant visitor, with permission to remain in the United States until March 24, 1984. On September 10, 1985, an Order to Show Cause and Notice of Hearing (Form I-221) was issued, which alleges that the respondent remained in the United States beyond March 24, 1984, without permission and, therefore, that he is deportable under section 241(a)(2) of the Act, 8 U.S.C. § 1251(a)(2) (1982), on the ground that he has remained in the United States for a longer time than permitted. The respondent appeared before the immigration judge and conceded deportability on the basis of the charge in the Order to Show Cause. His deportability is not an issue in his appeal to this Board.

On July 21, 1986, the district director extended the time period for voluntary departure to September 1, 1986. The respondent remained in the United States instead of departing voluntarily. On March 15, 1987, he married a United States citizen in the State of California. On the basis of that marriage, he filed the motion that is presently before us on appeal. The immigration judge denied the motion on October 8, 1987, and the respondent was subsequently ordered to report for deportation on October 19, 1987. Three days before the date on which he was scheduled to be deported, he filed an appeal from the immigration judge's decision.

The immigration judge denied the respondent's motion on the ground that he is precluded from obtaining adjustment of status by the provisions of sections 245(e) (1) and (2) of the Act, 8 U.S.C. § 1255(e) (1) and (2) (Supp. IV 1986).[1] These provisions were added to section 245 of the Act by section 5(a) of the Immigration Marriage Fraud Amendments of 1986, Pub. L. No. 99-639, 100 Stat. 3537. The sections read as follows:

(e)(1) An alien who is seeking to receive an immigrant visa on the basis of a marriage which was entered into during the period described in paragraph (2) may not have the alien's status adjusted under subsection (a).

(2) The period described in this paragraph is *the period during which administrative or judicial proceedings are pending* regarding the alien's right to enter or remain in the United States. (Emphasis added.)

We note further that section 5(a) of the Immigration Marriage Fraud Amendments of 1986 also added the provisions of section 204(h) of the Act, 8 U.S.C. § 1154(h) (Supp. IV 1986), which read as follows:

---

[1] The respondent also requested a change of venue in his motion. The immigration judge found it unnecessary to grant a change of venue in view of the disposition of the request to reopen deportation proceedings.

Notwithstanding subsection (a), a petition may not be approved to grant an alien immediate relative status or preference status by reason of a marriage which was entered into during the period described in section 245(e)(2), until the alien has resided outside the United States for a 2-year period beginning after the date of the marriage.

If these provisions are applicable to the respondent, he is not eligible for adjustment of status under section 245(a) of the Act. *Matter of Egbunine,* 19 I&N Dec. 478 (BIA 1987).

The respondent has contended on appeal that those provisions do not apply to his situation. We do not agree.

Although we applied the sections at issue in this case in *Matter of Egbunine, supra,* we did not decide in that case when administrative proceedings have been concluded.

The administrative proceedings in this case commenced with the issuance and service of the Order to Show Cause. *Matter of Ramirez-Sanchez,* 17 I&N Dec. 503 (BIA 1980). As of March 2, 1987, however, proceedings are commenced by filing the Order to Show Cause at the Office of the Immigration Judge. 8 C.F.R. § 3.14(a) (1987). The immigration judge's subsequent deportation "order" became administratively final on February 13, 1986, when the respondent waived his right to appeal. *Matter of Lok,* 18 I&N Dec. 101 (BIA 1981). The deportation "proceedings," however, were still pending when the respondent married a United States citizen on March 15, 1987, because the proceedings had not been processed to a final conclusion at that point by the respondent's departure. *Matter of Chamizo,* 13 I&N Dec. 435 (BIA 1969). We note that this interpretation of "the period during which administrative or judicial proceedings are pending" furthers the objective of the Immigration Marriage Fraud Amendments of 1986, which is to ensure that immigration benefits are not obtained through marriage fraud. The reason for this concern is that aliens who either cannot qualify for immigration to the United States or who, though qualified, are not willing to wait until an immigration visa becomes available, frequently find it expedient to engage in a fraudulent marriage to side-step immigration law. H.R. Rep. No. 906, 99th Cong., 2d Sess. 6, *reprinted in* 1987 U.S. Code Cong. & Ad. News 5978. The contrary view of this issue would allow aliens to frustrate that objective by delaying their marriages. Moreover, if we did not interpret "pending" to include aliens who have had deportation proceedings and then violated voluntary departure orders, such aliens would be rewarded for refusing to comply with voluntary departure orders. Also, they would be in a better position than aliens who have appealed the decisions in their cases to this Board.

We conclude, therefore, that the respondent is not eligible for adjustment of status under section 245(a) of the Act.

Accordingly, the following order will be entered.

**ORDER:** The appeal is dismissed.