# MATTER OF FUENTES

## In Visa Petition Proceedings

## A-28024485

### Decided by Board January 10, 1991

(1) Issuance of an Order to Show Cause is sufficient to commence proceedings against an alien for purposes of section 204(h) of the Immigration and Nationality Act, 8 U.S.C. § 1154(h) (1988). *Matter of Enriquez*, 19 I&N Dec. 554 (BIA 1988), superseded.

(2) A visa petition based on a marriage which occurred after proceedings have commenced against the beneficiary may be approved if he can show by clear and convincing evidence that his marriage to the petitioner was entered into in good faith.

ON BEHALF OF PETITIONER:
William Van Wyke, Esquire
1624 U Street, N.W., Suite 200
Washington, D.C. 20009

ON BEHALF OF SERVICE:
Elizabeth S. Dolan
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

## ORDER:

PER CURIAM. In a decision dated November 24, 1989, the district director applied section 204(h) of the Immigration and Nationality Act, 8 U.S.C. § 1154(h) (1988), to the instant petition and concluded that the beneficiary was ineligible for the immigration benefit sought. The petitioner has appealed from the district director's denial of the visa petition. The record is remanded for further proceedings. The petitioner's request for oral argument before the Board is denied. *See* 8 C.F.R. § 3.1(e) (1990).

On appeal, the petitioner argues that the district director erred in finding that deportation proceedings were "pending" against her alien spouse at the time that the couple married. In her Notice of Appeal to the Board of Immigration Appeals (Form I-290A), she alleges that the district director's interpretation of when proceedings are pending under section 245(e)(2) of the Act, 8 U.S.C. § 1255(e)(2) (1988),[1] is

---

[1] Section 204(h) of the Act prohibits approval of a visa petition which would grant immediate relative or preference status by reason of a marriage which was entered into "during the period described in section 245(e)(2)."

inconsistent with the applicable regulations and contradicts this Board's holding in *Matter of Enriquez*, 19 I&N Dec. 554 (BIA 1988). Counsel for the petitioner notes in a supporting brief that the record does not show that the Order to Show Cause and Notice of Hearing (Form I-221), issued on September 19, 1988, was served on the beneficiary prior to his marriage to the petitioner on November 30, 1988. He cites several regulations, in particular 8 C.F.R. §§ 103.5a(c)(1) and 242.1(c) (1989), as support for the contention that immigration proceedings cannot be "pending" without service of the Order to Show Cause.

In its reply brief, the Service argues that both issuance and service of the Order to Show Cause occurred prior to the November 30, 1988, marriage between the petitioner and the beneficiary. The Service also cites 8 C.F.R. § 204.1(a)(2)(iii) (1989), which provides that proceedings are deemed to have commenced with the issuance of the Order to Show Cause.

The regulation at 8 C.F.R. § 204.1(a)(2)(iii) (1989), cited by the Service, was promulgated on August 10, 1988, as part of the final regulations under the Immigration Marriage Fraud Amendments of 1986, Pub. L. No. 99-639, 100 Stat. 3537. In promulgating these regulations, the Attorney General, quoting from section 245(e)(2) of the Act, stated that "'the period during which administrative or judicial proceedings are pending regarding the alien's right to enter or remain in the United States'" encompasses more than just the period when the matter is pending before an immigration judge or is on appeal to this Board, or is under judicial review; it includes "all administrative (Service or EOIR [Executive Office for Immigration Review]) and judicial (the Federal court system) proceedings, including Service proceedings occurring before and after EOIR of [sic] judicial proceedings." 53 Fed. Reg. 30,011, 30,013 (1988).

In *Matter of Enriquez, supra*, cited by the petitioner, we applied the regulations in effect as of March 2, 1987, to hold that proceedings before an immigration judge are commenced by the filing of the Order to Show Cause with the Office of the Immigration Judge. We note that *Matter of Enriquez* was issued in January 1988, before the Attorney General had promulgated 8 C.F.R. § 204.1(a)(2)(iii) (1989). A regulation promulgated by the Attorney General has the force and effect of law as to immigration judges and this Board. *Matter of Fede*, 20 I&N Dec. 35 (BIA 1989). We therefore find that, insofar as it applied to the commencement of proceedings for purposes of section 204(h) of the Act, our holding in *Matter of Enriquez, supra*, has been superseded by the subsequent promulgation of 8 C.F.R. § 204.1(a)(2)(iii) (1989).

Pursuant to the regulations, we find that proceedings were pending against the beneficiary within the meaning of section 204(h) of the Act

as of September 19, 1988, the date the Order to Show Cause was issued. Thus, we find it unnecessary to decide whether the Order to Show Cause was served on the beneficiary prior to his marriage to the petitioner on November 30, 1988. We hold that the district director properly denied the visa petition under section 204(h) of the Act because proceedings had commenced against the beneficiary at the time the parties were married.

In light of a recent amendment to section 204(h), however, we find that the record in this case should be remanded to the district director for further consideration of the visa petition. While the petitioner's appeal was pending, Congress enacted the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, which provides in pertinent part at section 702(a) that "section 204(h) shall not apply with respect to a marriage if the alien establishes by clear and convincing evidence to the satisfaction of the Attorney General that the marriage was entered into in good faith." 104 Stat. at 5086. Section 702(c) of the Immigration Act of 1990 further provides that the amended section 204(h) "shall apply to marriages entered into before, on, or after" November 29, 1990. *Id.*

Accordingly, the record is remanded to the district director for further proceedings consistent with the foregoing opinion and the entry of a new decision.