# In re Emidia Elizabeth CASILLAS, Beneficiary of visa petition filed by Arturo Casillas, Petitioner

### File A74 801 058 - California Service Center

*Decided August 4, 1998*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

In order to commence proceedings against an alien for purposes of sections 204(g) and 245(e)(2) of the Immigration and Nationality Act, 8 U.S.C. §§ 1154(g) and 1255(e)(2) (1994),　an Order to Show Cause and Notice of Hearing (Form I-221) that was issued on or after June 20, 1991, must be filed with the Immigration Court. *Matter of Fuentes*, 20 I&N Dec. 227 (BIA 1991), superseded.

Pro se

Sheila C. Fisher, Assistant Regional Counsel, for the Immigration and Naturalization Service

Before:　Board Panel: HOLMES, FILPPU, and GUENDELSBERGER, Board Members.

GUENDELSBERGER, Board Member:

The petitioner, a lawful permanent resident alien, appeals from the September 29, 1996, decision of the Acting Regional Service Center ("RSC") director denying his visa petition seeking preference status for the beneficiary as his spouse under section 203(a)(2)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(2)(A) (1994), The appeal will be dismissed.

Section 204(g) of the Act, 8 U.S.C. § 1154 (1994), provides that "a petition may not be approved to grant an alien immediate relative status or preference status by reason of a marriage which was entered into during the period described in section 245(e)(2), until the alien has resided outside the United States for a 2-year period beginning after the date of the marriage." The period described in section 245(e)(2) of the Act, 8 U.S.C. § 1255(e)(2) (1994), is "the period during which administrative or judicial proceedings are pending regarding the alien's right to enter or remain in the United States." The 2-year requirement of section 204(g) does not apply if the alien "establishes by clear and convincing evidence to the satisfaction of the

Attorney General that the marriage was entered into in good faith and in accordance with the laws of the place where the marriage took place and the marriage was not entered into for the purpose of procuring the alien's entry as an immigrant and no fee or other consideration was given." Section 245(e)(3) of the Act.

The Acting RSC director determined from the record below that the Immigration and Naturalization Service had issued an Order to Show Cause and Notice of Hearing (Form I-221) in regard to the beneficiary on June 25, 1992. He therefore concluded that deportation proceedings had commenced prior to the beneficiary's September 16, 1995, marriage to the petitioner. For this reason, he notified the petitioner that, pursuant to sections 204(g) and 245(e)(3) of the Act, the petitioner would have to either (1) show that the beneficiary had resided outside of the United States for a 2-year period after the marriage, or (2) demonstrate the bona fides of the marriage by clear and convincing evidence. Ultimately, the Acting RSC director determined that the petitioner failed to satisfy either requirement and denied the petition.

On appeal, the petitioner asserts that the beneficiary has never received an Order to Show Cause and has never been placed in exclusion or deportation proceedings. In essence, the issue in this case is whether the marriage occurred at a time when "administrative or judicial proceedings [were] pending" within the meaning of section 245(e)(2) of the Act.

The Board has addressed this issue in *Matter of Fuentes*, 20 I&N Dec. 227 (BIA 1991). The regulation discussed in *Fuentes* determined when an alien was in "administrative or judicial proceedings" for purposes of former section 204(h) of the Act, 8 U.S.C. § 1154(h) (1988).[1] That regulation provided:

> The period during which the alien is in such proceedings commences *with the issuance* of the Order to Show Cause (Form I-221) or the Notice to Applicant for Admission Detained for Hearing before Special Inquiry Officer (Form I-122) . . . .

8 C.F.R. § 204.1(a)(2)(iii)(1989) (emphasis added). The Board determined in *Matter of Fuentes, supra*, that, under this regulation, proceedings were pending against the beneficiary within the meaning of section 204(h) of the Act as of the date the Order to Show Cause was issued by the Service.

Subsequent to the Board's decision in *Fuentes*, the regulation was amended to provide that the period during which the alien is in deportation or exclusion proceedings, or judicial proceedings relating thereto, commences:

> (1) With the issuance of the Order to Show Cause and Notice of Hearing Form (I-221)

---

[1]Former section 204(h) of the Act was redesignated as section 204(g) by section 162(b) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5011.

prior to June 20, 1991;

(2)  With the *filing of an Order to Show Cause and Notice of Hearing* (Form I-221) issued on or after June 20, 1991 *with the Office of the Immigration Judge*; or

(3) With the issuance of the Notice to Applicant for Admission Detained for Hearing before Immigration Judge (Form I-122).

8 C.F.R. § 204.1(a)(2)(iii)(A) (1992)(emphasis added).[2]

Under the 1992 regulation, proceedings in which the Order to Show Cause issued on or after June 20, 1991, are not considered to be commenced, and are therefore not "pending" for purposes of sections 204(g) and 245(e)(2), until the Order to Show Cause is actually filed with the Immigration Court. Thus, the rule in *Matter of Fuentes*, *supra*, as to commencement of proceedings for purposes of sections 204(g) and 245(e)(2) is superseded by regulation in the case of an Order to Show Cause issued on or after June 20, 1991.

The record in the instant case indicates that an Order to Show Cause was issued by the Service on June 25, 1992. There is no indication, however, that the Form I-221 was ever filed with the Immigration Court. Consequently, we find that administrative proceedings were not pending against the beneficiary at the time of her marriage within the meaning of section 245(e)(2) of the Act, and that section 204(g) is inapplicable in this case. Therefore, the petitioner was required to show the validity of his marriage only by the generally applied standard of a preponderance of the evidence, rather than by the enhanced standard of clear and convincing evidence set forth in section 245(e)(3). *See Matter of Arthur*, 20 I&N Dec. 475, 478 (BIA 1992); *Matter of Patel*, 19 I&N Dec. 774, 782-83 (BIA 1988); *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966); *Matter of Soo Hoo*, 11 I&N Dec. 151, 152 (BIA 1965).

---

[2]The regulation has again been amended and renumbered, but the amendment does not affect the outcome of this appeal. Now found at 8 C.F.R. § 245.1(c)(9)(i) (1998), the regulation provides:

The period during which the alien is in deportation, exclusion, or removal proceedings or judicial proceedings relating thereto, commences:
(A) With the issuance of the Form I-221, Order to Show Cause and Notice of Hearing prior to June 20, 1991;
(B) With the filing of a Form I-221, Order to Show Cause and Notice of Hearing, issued on or after June 20, 1991, with the Immigration Court;
(C) With the issuance of Form I-122, Notice to Applicant for Admission Detained for Hearing Before Immigration Judge, prior to April 1, 1997;
(D) With the filing of a Form I-862, Notice to Appear, with the Immigration Court, or
(E) With the issuance and service of Form I-860, Notice and Order of Expedited Removal.

Even under the lower standard of proof, however, we find that the petitioner has failed to demonstrate the bona fides of his marriage to the beneficiary. The documents submitted in response to the Service's May 1996 request for additional evidence were a 1994 rental agreement and a few bills and receipts from 1994. This meager submission falls short of the evidence required to demonstrate a bona fide marriage.[3] Therefore, we conclude that the petitioner has failed to meet his burden of proof in this case. Accordingly, the appeal will be dismissed.[4]

**ORDER:** The appeal is dismissed.

---

[3]Relevant evidence would include such items as insurance policies, tax returns, bank accounts, correspondence, and photos, as well as letters or affidavits from family, friends, or acquaintances. *See Matter of Laureano*, 19 I&N Dec. 1 (BIA 1983),

[4]We note that dismissal of this appeal does not preclude the filing of a new petition with additional evidence.