MATTER OF UY

In Deportation Proceedings

A-10221792

*Decided by Board May 5, 1965*

Respondent, a 28-year-old native of the Philippines and citizen of China, who entered the United States as a student, has resided here a few months in excess of 8 years during which he received the degrees of Bachelor of Science and Master of Science in physics, and who has no family ties in this country, has not established that his deportation would result in "extreme hardship" within the meaning of section 244(a)(1), Immigration and Nationality Act, as amended, because of the mere fact that he would suffer some economic hardship. [Cf. *Matter of Hwang*, Int. Dec. No. 1319.]

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer, student.

The case comes forward pursuant to certification by the special inquiry officer of his order dated February 10, 1965 finding the respondent deportable on the charge stated in the order to show cause and granting him the privilege of voluntary departure in lieu of deportation with the further order that if he failed to depart when and as required he be deported to the Republic of the Philippines, alternatively to the Republic of China on Formosa.

The record relates to a native of the Republic of the Philippines, a citizen of China, 28 years old, single, who was admitted to the United States at Honolulu, Hawaii on or about September 3, 1956 as a student and was authorized to remain in that status until September 2, 1957. Subsequently, he was granted voluntary departure in yearly increments conditioned on his maintaining studies or educational assignment and on May 15, 1963 a first preference visa petition was approved and he was granted permission to remain in the United States until May 14, 1964, further extensions being conditioned upon his remaining the beneficiary of an unexpired visa petition. However, on April 3, 1964 he left the employment

of the first preference visa petitioner and has since remained in the United States. Deportability on the charge stated in the order to show cause is established.

The respondent has established good moral character for the period he has resided in the United States. He attended universities where he was awarded a degree of Bachelor of Science in Physics in September 1960 and a degree of Master of Science in Physics on December 15, 1962. At the University of Minnesota he was employed as a technician and engineer trainee and after graduation he worked for UNIVAC for 14 months at a salary of $160 per week. The respondent is now attending classes at Stanford University, not for credit, but merely as an auditor. He has done part-time work as a Russian translator and is presently living on his savings which total about $1800. His parents, also of the Chinese race, were naturalized in the Philippines in 1956 or 1957 and although he apparently derived Philippine citizenship through his parents' naturalization, he has had some difficulty in securing a Philippine passport because of a question of identity. The respondent has five brothers and seven sisters in the Philippines, all of his brothers being employed. He is in possession of a valid passport of the Republic of China on Formosa.

The quota for the Philippines is oversubscribed and respondent cannot obtain an immigrant visa for that reason. He testified his deportation would result in hardship to himself because he would find it difficult to adjust to a new environment outside of the United States and he would have limited opportunities in his field of academic training. He believes that he might obtain work as a teacher.

The respondent has applied for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act as amended. As one of the necessary qualifying ingredients, he must establish that his deportation would, in the opinion of the Attorney General, result in extreme hardship to himself since he has no qualifying relatives in the United States.

The respondent is 28 years of age and has resided in the United States only since September 1956 or a few months in excess of eight years. He was about nineteen and a half years old when he came to this country as a student intending to return to his native country at the completion of his education. However, while in the United States he underwent a change of mind and now desires to remain in this country. All of his family ties are in the Philippines where his father was formerly engaged in the textile business and where his five brothers are all employed. In addition, he has seven sisters

there. Apparently, the respondent left UNIVAC, the company which petitioned for his first preference because of difficulties as the result of undue pressures on him. He is presently doing part-time work as a Russian translator. Bearing in mind that the respondent entered the United States as a student, that he has no family ties in this country and all of his ties are in the Philippines, the mere fact that the respondent would suffer some economic hardship does not constitute "extreme hardship" so as to qualify him for the discretionary relief of suspension of deportation. Upon the record it is believed that voluntary departure is the maximum relief which should be granted.

The special inquiry officer has referred to *Matter of Hwang*, Int. Dec. No. 1319, and to certain decisions rendered by him in the belief that he was bound by the guide lines laid down in *Matter of Hwang*. *Matter of Hwang* does not lay down any hard and fast rules. It states that the personal privation contemplated in a situation characterized by "extreme hardship" within the meaning of the statute is not a definable term of fixed and inflexible content or meaning but necessarily depends upon the facts and circumstances peculiar to each case. It was pointed out that the term "extreme hardship" admits of varying degrees of severity; the limits of personal deprivation and economic detriment contemplated in the term "extreme hardship" cannot be stated in a hard and fast rule. It was conceded that it could be found that the return of an alien who was admitted as a foreign student to the country whence he came might result in extreme hardship within the meaning of section 244(a)(1), as amended, in certain circumstances, but the absence of substantial equities arising from the fact that after admission as a student and the residence in the United States for approximately eight years did not affirmatively establish extreme hardship.

Thus it can be seen that we did not preclude an alien who entered the United States as a nonimmigrant student from a grant of suspension of deportation pursuant to section 244(a)(1) where there existed in a case equitable factors which resulted in a finding of exceptional hardship within the meaning of the statute. A close examination of the cases selected by the special inquiry officer discloses the existence of other favorable and equitable factors which resulted in a finding of exceptional hardship.[1] Each case must be

---

[1] In one of the cases there was long residence of 25 years; in another, the alien had spent her formative years in the United States, all of her family ties and meaningful associations were in the United States and she was no longer familiar with the dialect which was the prevailing language of the island to which she would return; in still another case the alien had not resided in her native country, China, since she was 17 years old.

analyzed on the basis of the factual details present therein and each case must be considered on its own merits in making a finding of exceptional hardship. The line which may separate a finding of extreme hardship may be at times close, but it is based upon a study of the circumstances of each case and the presence of substantial equities.

ORDER: It is ordered that the order of the special inquiry officer dated February 10, 1965 be and the same is hereby approved.