**Emmanuel Echezona ONYIA, Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Appellee.**

**No. 93–1767.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1993.

Decided Feb. 1, 1994.

Herbert A. Igbanugo, Minneapolis, MN, argued for appellant.

William J. Howard, argued (David J. Kline, on brief) of the Dept. of Justice, Washington, DC, for appellee.

Before JOHN R. GIBSON,* Senior Circuit Judge, MORRIS SHEPPARD ARNOLD, Circuit Judge and WOODS,** District Judge.

HENRY WOODS, District Judge.

The appellant, Emmanuel Echezona Onyia, a Nigerian national, entered the United States on a student visa in 1982. In September, 1985, an American citizen, Anita Hayes, petitioned the Immigration and Naturalization Service (INS) for a change-of-status for Onyia, to make him a permanent resident. In her petition she stated that she and Onyia had recently married, making him an immediate relative of a United States citizen. The INS District Director denied the petition in 1988, finding that the marriage was a sham and that Onyia was ineligible to remain in the United States on the basis of relative status. Ms. Hayes appealed that decision to the Board of Immigration Appeals (BIA), appellee herein.

While the appeal was pending, the INS commenced deportation proceedings against Onyia on grounds that he had not maintained conditions required under his student visa. Onyia conceded deportability, but meanwhile applied for suspension of deportation, pursuant to 8 U.S.C. § 1254(a)(1). Under the terms of this statute, the Attorney General [1] may suspend deportation of an alien under this section if all of the following conditions are met: (1) the alien has been physically present in the U.S. for at least seven years; (2) the alien is a person of good moral character; and (3) the deportation would result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence. The burden rests upon the applicant to establish eligibility under the statute. Suspension applicants must satisfy the three requirements before discretion may be exercised. *INS v. Rios–Pineda*, 471 U.S. 444, 446, 105 S.Ct. 2098, 2100, 85 L.Ed.2d 452 (1985). Even if the three requirements are satisfied, the Attorney General, or her designee, may nonetheless refuse to suspend the deportation. *Id.*

A hearing was held on the application for suspension of deportation. Because the finding of a sham marriage in Hayes' petition was still on appeal, the immigration judge in Onyia's case independently decided the question of the validity of the Onyia–Hayes marriage, receiving documentary evidence and hearing the testimony of both Onyia and Hayes. The immigration judge found that the Onyia–Hayes marriage was one of conve-

* The HONORABLE JOHN R. GIBSON was Circuit Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted, and took senior status on January 1, 1994, before the opinion was filed.
** The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Attorney General has delegated her discretion and authority to the INS, whose decisions are subject to review by the BIA. Consequently, in this case, the INS made the initial decision not to suspend Onyia's deportation. This decision was appealed first to the BIA, and then directly to this Court.

nience, entered into for the purpose of evading United States immigration laws.

Subsequent to the decision of the immigration judge in the suspension of deportation case, the BIA upheld the INS's denial of Ms. Hayes' change-of-status petition. Ms. Hayes did not appeal that decision to this Court.

■ Onyia appealed the denial of his suspension of deportation to the BIA, which dismissed the appeal. It is from that dismissal that Onyia brings this appeal, pursuant to 8 U.S.C. § 1105a(a). There is no issue on appeal regarding the residency and character requirements of Title 8 U.S.C. § 1254(a)(1). The issue before this Court is whether the BIA abused its discretion in refusing to consider the hardship Onyia's deportation would cause Anita Hayes, and in finding that Onyia failed to demonstrate that deportation would cause extreme hardship to himself.

At the time Onyia's suspension of deportation appeal came before the BIA, it had already decided Ms. Hayes' appeal of the change-in-status petition, finding the Onyia–Hayes marriage a sham. The validity of the Onyia–Hayes marriage had been decided, and the Board declined to again take up the issue.

We find no abuse of discretion in this case. The hardship on Ms. Hayes was properly disregarded by the BIA on the suspension appeal since she had already had the chance to fully litigate the issue, both in her petition to change Onyia's status, and in testimony at Onyia's suspension of deportation hearing. The BIA decision not to take up, again, the issue of the Onyia–Hayes marriage was not an abuse of discretion. Likewise, we find no abuse of discretion in the Board's finding that deportation would impose no extreme hardship upon Onyia. Accordingly, we affirm the BIA's decision denying Onyia's application for suspension of deportation.