## MATTER OF IGE

### In Deportation Proceedings

A-27178229
A-27594794

*Decided by Board September 16, 1994*

(1) Where an alien alleges in a motion that extreme hardship will be suffered by his United States citizen child were the child to remain in the United States upon his parent's deportation, the claim will not be given significant weight absent an affidavit from the parent stating that it is his intention that the child remain in this country, accompanied by evidence demonstrating that reasonable provisions will be made for the child's care and support.

(2) Assuming a United States citizen child would not suffer extreme hardship if he accompanies his parent abroad, any hardship the child might face if left in the United States is the result of parental choice, not of the parent's deportation.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Nonimmigrant—remained longer than permitted (both respondents)

ON BEHALF OF RESPONDENTS:
Lee J. Teran, Esquire
2311 North Flores
San Antonio, Texas 78212

ON BEHALF OF SERVICE:
Lawrence J. Hadfield
Assistant District
Counsel

BY: Dunne, Acting Chairman; Vacca and Heilman, Board Members; Holmes, Alternate Board Member

### CASE HISTORY

In a decision dated July 13, 1987, an immigration judge found the respondents deportable on their own admissions under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1982), as nonimmigrants who remained longer than permitted. The immigration judge further denied the male respondent's applications for asylum and withholding of deportation to Nigeria under sections 208(a) and 243(h) of the Act, 8 U.S.C. §§ 1158(a) and 1253(h) (1982). On October 5, 1992, the respondents' appeal was dismissed and the male respondent's motion to remand to

apply for suspension of deportation under section 244(a)(1) of the Act, 8 U.S.C. § 1254(a)(1) (1988), was denied.

In an order dated May 21, 1993, the United States Court of Appeals for the Fifth Circuit affirmed the denial of asylum and withholding of deportation to the male respondent but remanded the case to the Board for consideration of the issue of hardship to the United States citizen child, should he remain in the United States without his parents. *Ige v. INS*, 993 F.2d 1543 (5th Cir. 1993). On September 21, 1993, the female respondent filed a motion to reopen to apply for suspension of deportation with supporting documents. Her motion is consolidated with that of the male respondent. Both motions will be denied.

## FACTUAL BACKGROUND

The respondents are a 44-year-old male native and citizen of Nigeria and his 34-year-old wife, also a native and citizen of Nigeria, who entered the United States as nonimmigrant visitors on November 3, 1983, and August 18, 1985, respectively. They were married in Nigeria in August 1979. The male respondent has lived in the United States for 10 years. His mother was a school teacher and his father was a bank manager. His mother and seven brothers and five sisters reside in Nigeria. He graduated from a 2-year college there and taught school and worked in the Nigerian Department of Urban Planning. The female respondent has now lived here for 9 years. Her mother, a brother, and a sister live in Nigeria. The respondents both work for Tellabs Texas, Inc. They have three children, the two youngest of whom are United States citizens. Their daughter, Abayome, lives with her grandmother in Nigeria and is now 12 years old. Their older son is now 7 years old. The third child, a 1-year-old boy, was born since our 1992 order and is apparently in good health. We will take any potential hardship to either or both United States citizen children into account.

## REQUIREMENTS FOR SUSPENSION OF DEPORTATION

In order to establish eligibility for section 244(a)(1) relief, an alien must prove that he has been physically present in the United States for the 7 years immediately preceding his application, that he has been a person of good moral character for the same period, and that his deportation will result in extreme hardship to himself or to his United States citizen or lawful permanent resident spouse, child, or parent. The alien carries the burden of demonstrating both that he is statutorily eligible for relief and that he merits a favorable exercise of discretion. 8 C.F.R. § 242.17(e) (1994); *Osuchukwu v. INS*, 744 F.2d 1136 (5th Cir. 1984); *Israel v. INS*, 710 F.2d 601 (9th Cir. 1983), *cert. denied*, 465 U.S. 1068 (1984); *Marcello v. INS*, 694 F.2d 1033 (5th

Cir.), *cert. denied*, 462 U.S. 1132 (1983); *Chadha v. INS*, 634 F.2d 408, 426-27 (9th Cir. 1980), *aff'd*, 462 U.S. 919 (1983); *Villena v. INS*, 622 F.2d 1352 (9th Cir. 1980) (en banc).

The phrase "extreme hardship" is not a definable term of fixed and inflexible content or meaning. The elements required to establish extreme hardship are dependent upon the facts and circumstances peculiar to each case. *See Matter of Chumpitazi*, 16 I&N Dec. 629 (BIA 1978); *Matter of Kim*, 15 I&N Dec. 88 (BIA 1974); *Matter of Sangster*, 11 I&N Dec. 309 (BIA 1965); *see also, e.g., Jara-Navarrete v. INS*, 813 F.2d 1340 (9th Cir. 1987); *Zavala-Bonilla v. INS*, 730 F.2d 562 (9th Cir. 1984); *Ramos v. INS*, 695 F.2d 181 (5th Cir. 1983).

The Supreme Court has held that a narrow interpretation of extreme hardship is consistent with the exceptional nature of the suspension remedy. *INS v. Jong Ha Wang*, 450 U.S. 139 (1981); *see also Hernandez-Cordero v. United States INS*, 819 F.2d 558 (5th Cir. 1987). Factors relevant to the issue of extreme hardship include the alien's age; the length of his residence in the United States; his family ties in the United States and abroad; his health; the economic and political conditions in the country to which he may be returned; his financial status, business, or occupation; the possibility of other means of adjustment of status; his immigration history; and his position in the community. *See Hernandez-Patino v. INS*, 831 F.2d 750 (7th Cir. 1987); *Jara-Navarrete v. INS, supra; Matter of Gibson*, 16 I&N Dec. 58 (BIA 1976); *Matter of Uy*, 11 I&N Dec. 159 (BIA 1965). Relevant factors, though not extreme in themselves, must be considered in the aggregate in determining whether extreme hardship exists. *See, e.g., Hernandez-Patino v. INS, supra; Hernandez-Cordero v. United States INS, supra; Ramirez-Durazo v. INS*, 794 F.2d 491 (9th Cir. 1986); *Ravancho v. INS*, 658 F.2d 169 (3d Cir. 1981).

While political and economic conditions in an alien's homeland are relevant, they do not justify a grant of relief unless other factors such as advanced age or severe illness combine with economic detriment to make deportation extremely hard on the alien or his qualifying relatives. *Matter of Anderson*, 16 I&N Dec. 596 (BIA 1978); *see also, e.g., Hernandez-Patino v. INS, supra; Diaz-Salazar v. INS*, 700 F.2d 1156 (7th Cir.), *cert. denied*, 462 U.S. 1132 (1983); *Ramos v. INS, supra*. Economic detriment in the absence of other substantial equities is not extreme hardship. *Matter of Sangster, supra; see also, e.g., Ramirez-Durazo v. INS, supra; Bueno-Carrillo v. Landon*, 682 F.2d 143 (7th Cir. 1982); *Carnalla-Munoz v. United States INS*, 627 F.2d 1004 (9th Cir. 1980). Even a significant reduction in the standard of living is not by itself a ground for relief. *Ramirez-Durazo v. INS, supra; Santana-Figueroa v. INS*, 644 F.2d 1354 (9th Cir. 1981). The loss of a job and the concomitant financial loss incurred does not rise to the

level of extreme hardship. *Marquez-Medina v. INS*, 765 F.2d 673 (7th Cir. 1985); *Moore v. INS*, 715 F.2d 13 (1st Cir. 1983); *Matter of Chumpitazi, supra*. Similarly, the readjustment of an alien to life in his native country after having spent a number of years in the United States is not the type of hardship that is characterized as extreme, since similar hardship is suffered by most aliens who have spent time abroad. *See Matter of Chumpitazi, supra; see also Ramirez-Durazo v. INS, supra; Moore v. INS, supra; Carnalla-Munoz v. United States INS, supra; Pelaez v. INS*, 513 F.2d 303 (5th Cir.), *cert. denied*, 423 U.S. 892 (1975).

The fact that an alien has a United States citizen child does not of itself justify suspension of deportation. *See Israel v. INS, supra; Diaz-Salazar v. INS, supra; see also Bueno-Carrillo v. Landon, supra; Balani v. INS*, 669 F.2d 1157 (6th Cir. 1982); *Ayala-Flores v. INS*, 662 F.2d 444 (6th Cir. 1981); *Banks v. INS*, 594 F.2d 760 (9th Cir. 1979); *Davidson v. INS*, 558 F.2d 1361 (9th Cir. 1977); *Matter of Kim, supra*. An alien illegally in the United States does not gain a favored status by the birth of a child in this country. *Ramirez-Durazo v. INS, supra; Marquez-Medina v. INS, supra; Bueno-Carillo v. Landon, supra*. Even though the child may face difficulties adjusting to life in his parent's homeland, these problems do not materially differ from those encountered by other children who relocate with their parents, especially at a young age. *Marquez-Medina v. INS, supra*. The fact that economic and educational opportunities for the child are better in the United States than in the alien's homeland does not establish extreme hardship. *Matter of Kim, supra; see also Ramirez-Durazo v. INS, supra* (stating that the disadvantage of reduced educational opportunities is insufficient to constitute extreme hardship). Finally, the fact that medical facilities in the alien's homeland may not be as good as they are in this country does not establish extreme hardship to the child. *Matter of Correa*, 19 I&N Dec. 130 (BIA 1984).

## REQUIREMENTS FOR A MOTION TO REOPEN OR REMAND

A motion to reopen must, among other things, state the new facts to be considered at the reopened hearing and must be supported by affidavits or other evidence. 8 C.F.R. §§ 3.8(a), 103.5, 242.22 (1994). Such a motion may not be granted unless the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. 8 C.F.R. §§ 3.2, 242.22 (1994). An alien must establish prima facie eligibility for the relief sought before a motion to reopen will be granted. *See, e.g., Reyes-Arias v. INS*, 866 F.2d 500 (D.C. Cir. 1989); *Platero-Reymundo v. INS*, 807 F.2d 865 (9th Cir. 1987); *Bahramnia v. United States INS*, 782 F.2d

1243 (5th Cir.), *cert. denied*, 479 U.S. 930 (1986); *Yousif v. INS*, 794 F.2d 236 (6th Cir. 1986); *Matter of Ruiz*, 20 I&N Dec. 91 (BIA 1989); *Matter of Barrera*, 19 I&N Dec. 837 (BIA 1989); *Matter of Egbunine*, 19 I&N Dec. 478 (BIA 1987); *see also INS v. Abudu*, 485 U.S. 94 (1988); *INS v. Jong Ha Wang, supra*. The Board has discretion to deny a motion to reopen even if the alien has made out a prima facie case for relief. *INS v. Doherty*, 502 U.S. 314, (1992); *INS v. Abudu, supra*.

In *INS v. Abudu, supra*, the Supreme Court addressed the issue of the standard of review that must be applied to motions for reopening of deportation proceedings. The Court opined that motions to reopen in the administrative context are analogous to motions for a new trial in a criminal case on the basis of newly discovered evidence, where the moving party bears a heavy burden before prevailing. The Court stated that in both contexts there is a strong public interest in bringing litigation to a close as promptly as is consistent with a fair hearing and adjudication of facts, and that not all ambiguities in the factual averments must be resolved in a movant's favor. The Court went on to recognize the special administrative, judicial, and sometimes political considerations in the immigration law context, where giving deference to decisions on petitions for reopening or reconsideration apply with even greater force. *See also Men Keng Chang v. Jiugni*, 669 F.2d 275 (5th Cir. 1982); *Aguilar v. INS*, 638 F.2d 717 (5th Cir. 1981); *Faddah v. INS*, 553 F.2d 491 (5th Cir. 1977).

Where, as in the instant case, an appeal is pending and the alien seeks a remand of the record in order to request a new form of relief, the requirements for a motion to remand are for all practical purposes the same as those for a motion to reopen. *Rodriguez v. INS*, 841 F.2d 865 (9th Cir. 1987).

## FINDINGS OF LAW AND FACT ON RECONSIDERATION

We previously considered and rejected the claims of the male respondent that his deportation to Nigeria would cause extreme hardship to himself or to his older United States citizen son, if he were to accompany his father there. At the time of our decision the child was 5 years of age. We reviewed the facts set forth in the application and found that the child could adjust to a new culture, as he is young and healthy, was born to educated parents, and speaks English, one of the languages commonly spoken in Nigeria.

The Fifth Circuit remanded the case to the Board to consider the effect of the following statement in the male respondent's affidavit: "If my wife and I were sent back to Nigeria our son would suffer an extraordinary hardship *if he was to stay in the United States* and be separated from us. We are a close family; we spend all our time either at work, or together." (Emphasis added.) On remand, the respondents

have submitted a letter from their older son's first grade teacher praising his academic and social adjustment and three letters from friends or co-workers commending Mr. Ige's character and industriousness.

We have reviewed the record and the recent submissions on remand and again conclude that the male respondent has not made a prima facie showing of extreme hardship to himself or to a qualifying relative if he returns to Nigeria. The success of his older son in first grade and the recent birth of a healthy baby boy does not alter our determination that the male respondent has failed to show that either he or his children will suffer extreme hardship upon going to Nigeria.

As previously noted, the male respondent bears the burden of demonstrating that he is eligible for suspension of deportation and that relief should be granted in the exercise of discretion. *Onyia v. INS*, 15 F.3d 754 (8th Cir. 1994); *Osuchukwu v. INS, supra.* In a case such as the one before us, the Board must make both a factual and a legal determination.

Where an alien alleges that extreme hardship would be suffered by his United States citizen child were the child to remain in this country upon his parent's deportation, the Board will not give such a claim significant weight based on either the mere assertion that the child would remain here or an indirect reference to such a possibility. The claim that the child will remain in the United States can easily be made for purposes of litigation, but most parents would not carry out such an alleged plan in reality. Therefore we will require, at a minimum, an affidavit from the parent or parents stating that it is their intention that the child remain in this country, accompanied by evidence demonstrating that reasonable provisions will be made for the child's care and support (such as staying with a relative or in a boarding school). *See INS v. Jong Ha Wang, supra,* at 143 (stating that the alien must support by affidavit or evidentiary material the particular facts claimed); 8 C.F.R. § 3.8(a) (1994). We note that the respondents in this case have not asserted any intention to leave their child here in an affidavit, nor have they explained how such a plan could reasonably be carried out.

Moreover, as a matter of law, we consider the critical issue in determining an alien's eligibility for suspension to be whether a child would suffer extreme hardship if he accompanied his parent abroad. If, as in this case, no hardship would ensue, then the fact that the child might face hardship if left in the United States would be the result of parental choice, not the parent's deportation.

As noted above, it has long been held that the birth of a United States citizen child does not give the child's parents the right to reside in this country. However, if a parent's eligibility for suspension of

deportation could be established by demonstrating that an infant or unemancipated child abandoned in the United States would face extreme hardship, then the birth of a United States citizen child or the presence of a lawful permanent resident child would likely render any alien parent who had been in the United States for 7 years eligible for suspension, even if the child would not face extreme hardship abroad. The younger the child, the more forceful the argument for extreme hardship, since an infant unnecessarily abandoned by his parents in the United States would almost always face extreme hardship. It is the Board's view that Congress did not intend section 244(a)(1) of the Act to be interpreted in this manner. Consequently, absent proof of extreme hardship to a child if he returns to his parents' native country with them, we will generally consider the decision to leave the child in the United States to be a matter of personal choice. *See Lui v. United States Dept. of Justice*, 13 F.3d 1175 (8th Cir. 1994).

In this case, if the male respondent believes it would be an "extraordinary hardship" for his children to remain here, he should by all means take them with him. He has presented no good reason for leaving a small child here, nor shown any reasonable means to do so. Children of a tender age ordinarily desire to be with their parents. Furthermore, it is generally preferable for children to be brought up by their parents. In fact, we are concerned that the emotional trauma imposed on the older child by the threat to leave him here alone, in the hope that his parents would thereby obtain legal status in the United States, is more damaging than anything that could happen to him in Nigeria.

We note in this regard that the children could be united with their sister and other relatives in the extended family in Nigeria. Although the male respondent claims that he is not in contact with his relatives, he has offered no evidence to show why a relationship could not be reestablished. Moreover, the female respondent has indicated that she does hear occasionally from her mother.

We have on occasion granted suspension of deportation to aliens on account of hardship to their United States citizen or lawful permanent resident children, rather than place the parents in the position of deciding whether to leave the child in the United States. In one case, a child who had a genetic condition was unable to take medication for a disease which was endemic in his parents' native country. In another situation, a child would have been unable to practice his religion in his parents' homeland. However, these examples demonstrate the extreme hardship a child would suffer upon going with his parents to their native country. The hardship claimed here is created by the parents themselves.

## MOTION TO REOPEN

The female respondent's motion to reopen to apply for suspension will also be denied. She has been in the United States just 2 years more than the 7 required years. She is young and in good health and has employment skills, having attended a teachers' college for 2 years in Nigeria and taught school there. Currently she is working in the United States in an electronics firm. Thus her assertion that she could not be employed in Nigeria is unsupported. She claims a loss of pension benefits, but this is an economic loss normally attendant upon deportation. *Marquez-Medina v. INS, supra,* at 676.

The female respondent mentions fear of persecution, but the male respondent's persecution claim was considered and denied previously, and our decision was upheld, in part, because his testimony lacked credibility. She has no relatives in the United States other than her immediate family, who will presumably also be going with her. Her statement that she would be "forced" to leave her children here is unproven and unexplained. She has a young daughter in Nigeria with whom she will undoubtedly be happily reunited. The record reflects that she and the male respondent attended college in Nigeria and that she has no qualms about allowing her daughter to grow up there. She has therefore failed to make a prima facie showing that her return to Nigeria would result in extreme hardship to her or to her United States citizen children.

Accordingly, upon reconsideration, the male respondent's motion to remand to apply for suspension of deportation will be denied. The female respondent's motion to reopen to apply for suspension of deportation will also be denied.

**ORDER:** Upon reconsideration, the male respondent's motion to remand to apply for suspension of deportation under section 244(a)(1) of the Act is denied.

**FURTHER ORDER:** The female respondent's motion to reopen to apply for suspension of deportation under section 244(a)(1) of the Act is denied.