132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Amabilia E. VIVAR, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70790.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 3, 1997.*
Filed Dec. 8, 1997.
 
 Petition to Review a Decision of the Immigration and Naturalization Service.
 Before: HALL, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Amabilia E. Vivar, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' dismissal of her appeal from an immigration judge's decision defying her application for suspension of deportation under 8 U.S.C. § 1254(a). Vivar conceded deportability based on entry without inspection under 8 U.S.C. § 1251(a)(1)(B). We have jurisdiction to hear this timely appeal under 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 * Vivar's appeal focuses on whether the BIA abused its discretion in concluding that she failed to demonstrate the extreme hardship necessary to entitle her to suspension of deportation.
 
 
 4
 The Attorney General has discretion to suspend deportation of an alien who
 
 
 5
 has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and proves that during all of such period he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.
 
 
 6
 8 U.S.C. § 1254(a)(1). We review for abuse of discretion, Tuchowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995), ensuring that the BIA "considers all factors relevant to the hardship determination and states its reasons for denying the requested relief," Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986). The BIA has "the authority to construe 'extreme hardship' narrowly," which is consistent with the "exceptional nature of the suspension remedy." INS v. Wang, 450 U.S. 139, 145 (1981).
 
 II
 
 7
 Vivar argues that the BIA and the IJ failed to consider the hardship that her children would face if separated from her. However, the BIA did consider this factor, finding that it was unlikely that the children would be separated from Vivar at all.
 
 
 8
 "The alien carries the burden of demonstrating both that he is statutorily eligible for relief and that he merits a favorable exercise of discretion." Matter of Ige, 20 I & N Dec. 880, 881 (1994). As the BIA said in Ige,
 
 
 9
 [w]here an alien alleges that extreme hardship would be suffered by his United States citizen child were the child to remain in this country upon his parent's deportation, the Board will not give such a claim significant weight based on either the mere assertion that the child would remain here or an indirect reference to such a possibility. The claim that the child will remain in the United States can easily be made for purposes of litigation, but most parents would not carry out such an alleged plan in reality. Therefore we will require, at a minimum, an affidavit from the parent or parents stating that it is their intention that the child remain in this country, accompanied by evidence demonstrating that reasonable provisions will be made for the child's care and support (such as staying with a relative or in a boarding school).
 
 
 10
 Id. at 885. "[T]his is a valid evidentiary requirement." Perez v. INS, 96 F.3d 390, 393 (9th Cir.1996).
 
 
 11
 Vivar did not submit an affidavit or provide credible evidence that provisions will be made for her children's care and support in the United States. She merely testified that she planned to leave the children with her mother (who is in the United States illegally), or, if her mother is deported, with her sister and brother-in-law. However, Vivar had never left her children with her mother (even though her mother is a childcare provider), and her sister and brother-in-law had never watched her children before and did not attend her hearing. Under these circumstances, the BIA did not err in finding that Vivar's claim lacked support and credibility. In any event, the BIA further noted that should the children, who are both in good health and United States citizens, remain in the United States they would be in the care of relatives and should have little difficulty adjusting. Thus, the BIA did not fail to consider the hardship Vivar's children might face if they were to remain in this country following their mother's deportation.
 
 
 12
 Vivar also argues that the BIA and IJ failed to consider the hardship that her children would suffer if forced to move to Guatemala. However, the IJ discussed the availability of schools and education in Guatemala, as well as the family support available to Vivar in Guatemala. The Board's conclusion that hardship would not be extreme is well supported in the record, as whatever difference there may be in educational opportunities, and the difficulties in leaving friends behind, are merely indicative of the usual difficulties children encounter upon moving to a distant country. See Ramirez-Durazo, 794 F.2d at 499 (no extreme hardship if U.S. citizen child were to accompany deportable members of family to Mexico); Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1211 (9th Cir.1983) (same, Guatemala).
 
 III
 
 13
 Vivar argues that the BIA failed to consider the hardship that she would face if forced to return to Guatemala on account of the difficulty in finding employment. She also claims that her hardship would also be emotional, but gives no reasons why.
 
 
 14
 Contrary to Vivar's contention, the IJ considered all relevant factors, as the BIA held. While jobs may be hard to get in Guatemala, Vivar has been totally dependent on the state for support in this country. There was no evidence that she is incapable of working or that no work would be available given her skills in Guatemala. In short, she failed to carry her burden of showing extreme hardship. Ramirez-Durazo, 794 F.2d at 498 (rejecting claim of hardship based in part on lower standard of living and reduced job opportunities in Mexico).
 
 
 15
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3