**Georgiy Vladimirovich KOUZIN, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

**No. 03–4353.**

United States Court of Appeals, Second Circuit.

June 30, 2004.

Roberto T. Lucheme, Glastonbury, CT (Michael G. Moore, Springfield, MA, on the brief), for Appellant.

Jeannette A. Vargas, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Sara L. Shudofsky, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Jr., Chief Judge, B.D. PARKER, Circuit Judge, and MORDUE, District Judge.*

## SUMMARY ORDER

Petitioner Georgiy Vladimirovich Kouzin appeals from an order of the Board of Immigration Appeals ("BIA"), which principally (1) affirmed the Immigration Judge's ("IJ") denial of his application for asylum under the Immigration and Nationality Act, 8 U.S.C. § 1158, and (2) denied his motion to remand for an adjustment of status on the basis of his alleged marriage to a citizen. The BIA affirmed the Immigration Judge's ("IJ") underlying determination that Kouzin did not offer credible testimonial or persuasive documentary evidence in support of his claim that he was persecuted for his religious beliefs in a Muslim area of Russia, and denied Kouzin's motion to remand for failure to comply

---

* The Honorable Norman A. Mordue, of the United States District Court for the Northern District of New York, sitting by designation.

with the statutory requirements for an adjustment of status. *See* 8 U.S.C. § 1255; 8 C.F.R. § 3.2(c) (2002). The BIA's order also identified the proper mechanism for seeking the relief Kouzin desired—it specifically noted that he was "free to file a motion to reopen pursuant to 8 C.F.R. § 3.2(c)(2)." Kouzin never filed such a motion.

On petition for review of a decision of the BIA, the scope of our inquiry is "exceedingly narrow." *Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999). We uphold the BIA's and IJ's factual determinations as long as they are supported by substantial evidence in the record. *See Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997). Accordingly, on the issue of the BIA's denial of Kouzin's appeal, we "reverse only if no reasonable fact-finder could have failed to find . . . past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir. 2000). To vacate the BIA's ruling on the asylum issue, we "must find that the evidence not only *supports* th[e] conclusion [that the applicant is eligible for asylum], but *compels* it." *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

■ We conclude that the record contains substantial evidence to support the asylum denial against Kouzin. The IJ and BIA appropriately found that Kouzin vacillated about the number of times he had been beaten; withheld full information about prior criminal charges against him; omitted central claims on his asylum application; failed to furnish any corroborating evidence of his alleged injuries; failed to explain why his family members continue to remain safe in Russia; and failed to offer convincing evidence that he would be persecuted upon returning to Russia. Accordingly, we affirm the BIA's dismissal of the asylum appeal.

■ We review the BIA's denial of a motion to remand for an abuse of discretion. *See Correa v. Thornburgh,* 901 F.2d 1166, 1174 (2d Cir.1990). We find such an abuse only "where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements." *Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

The BIA's decision was not an abuse of its discretion. It noted that Kouzin did not meet the statutory requirements for his motion insofar as he failed to file an application for an adjustment of status therewith in compliance with 8 U.S.C. § 1255. Moreover, the BIA followed a clearly delineated policy regarding motions to reopen in requiring such an application. *See* 8 C.F.R. § 3.2(c)(2002) (a "motion to reopen proceedings . . . must be accompanied by the appropriate application for relief and all supporting documentation"). \*\* Because Kouzin failed to submit the appropriate application and sufficient supporting documentation with his motion, we affirm the BIA's denial of Kouzin's motion to remand.

We have carefully considered all of Kouzin's arguments and find them to be without merit.

---

\*\* A motion to remand in this context was functionally equivalent to a motion to reopen for a new form of relief (*i.e.,* an adjustment of status on account of marriage to a citizen). It is a well-established policy of the BIA that where "an appeal is pending and the alien seeks a remand . . . to request a new form of relief, the requirements for a motion to remand are for all practical purposes the same as those for a motion to reopen." *Matter of Ige,* 20 I. & N. Dec. 880, 884 (BIA 1994) (citing *Rodriguez v. INS,* 841 F.2d 865 (9th Cir.1987)).

For the reasons set forth above, the decision of the Board of Immigration Appeals is hereby AFFIRMED and the petition for review is DISMISSED.