United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 4, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60904
Summary Calendar

EUI SIK CHUN,

Petitioner,

versus

ALBERTO R GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review from the Board of Immigration Appeals
(No. A78 998 531)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:*

Petitioner Eui Sik Chun seeks review of a decision of the Board of Immigration

Appeals ("BIA") affirming, without opinion, the Immigration Judge's opinion. In addition,

he appeals the BIA's denial of his motion to remand in light of the marriage he entered

during the pendency of his removal proceedings. For the reasons stated below, the petition

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

for review is denied.

Chun is a native and citizen of the Republic of South Korea. He was admitted as a nonimmigrant visitor on August 17, 2000. The Immigration and Naturalization Service ("INS") issued a notice to appear dated September 10, 2002, alleging that Chun was subject to removal for having remained in the United States longer than permitted under the terms and conditions of his nonimmigrant visitor visa. The immigration judge ("IJ") found Chun removable and granted Chun voluntary departure.

The IJ denied Chun's motion to suppress evidence derived from an allegedly illegal search and seizure and, on appeal, Chun argued that this denial violated his due process rights. After officers arrested Chun outside of a convenience store gas station, they took his keys, drove to his home, and searched his home. Chun argued that his arrest and the subsequent search were illegal and filed a motion to suppress the documents seized from his home, pursuant to the Fourth Amendment's exclusionary rule. Without conceding the illegality of the arrest, the INS argued that even if the arrest were illegal, the INS casefile, specifically the I-213 Record of Deportable/Inadmissible Alien pulled from the government's National Immigration Information System ("NIIS") database, was untainted and need not be suppressed. In addition, the government responded that the seized items, Chun's passport and I-94, were not even being offered into evidence. The IJ denied Chun's motion to suppress, reasoning that there was nothing to suppress because no allegedly tainted evidence had been submitted to the court.

While his appeal was pending, Chun filed a motion to remand to the IJ to adjust his status to lawful permanent resident based on his marriage to a U.S. citizen. The BIA denied this motion, ruling that he had not overcome the presumption that a marriage during a removal proceeding is not entered in good faith. In particular, he had not filed an application to adjust status, which would have included documentation showing joint ownership of property, documentation showing commingling of financial resources, birth certificates of children born to Chun and his spouse, if any, and, affidavits of third parties having knowledge of the bona fides of the marital relationship. Instead, he submitted a marriage license dated December 2, 2002, a receipt for his wife's immigrant petition for relative (Form I-130) filed on April 15, 2003, and his wife's certificate of naturalization issued July 30, 2004.

## DISCUSSION

### A. Motion to Remand

The requirements for a motion to remand are, for all practical purposes, the same as those for a motion to reopen. See Matter of Ige, 20 I&N Dec. 880, 884 (BIA 1994); see also 8 C.F.R. § 1003.2(c)(4). A denial of a motion to remand, therefore, is reviewed for abuse of discretion. See Morales v. INS, 116 F.3d 145, 147 (5th Cir. 1997). In light of the "broad discretion" given to the Attorney General to grant or deny motions to remand or reopen, this court employs a very deferential abuse of discretion standard in reviewing the Board's decision. INS v. Doherty, 502 U.S. 314, 323 (1992); Zhao v. Gonzales, 404 F.3d 295, 303 (5th Cir. 2005) ("[W]e review the BIA's denial of a motion to reopen or to reconsider under a

3

highly deferential abuse-of-discretion standard."). "It is our duty to allow the decision to be made by the Attorney General's delegate, even a decision that we deem in error, so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so [aberrational] that it is arbitrary rather than the result of any perceptible rational approach." Zhao, 404 F.3d at 304 (internal quotation and citation omitted).

Chun argues that the BIA abused its discretion by denying his motion to remand. To be eligible for remand, Chun was required to make a prima facie case that he was eligible for an adjustment in status under 8 U.S.C. § 1255. Such a prima facie case is made by submitting a completed application that is supported by clear and convincing evidence establishing a good faith marriage.[1] See 8 C.F.R. § 245.1(c)(9) (noting that aliens who enter into marriage during removal proceedings are ineligible for adjustment of status unless the marriage is proven to be bona fide by clear and convincing evidence).

As the BIA notes, Chun's motion to remand was unaccompanied by an adjustment of status application with the type of supporting evidence of his good faith marriage outlined in 8 C.F.R. § 204.2(a)(1)(iii)(B). Rather, he submitted a marriage license dated December 2, 2002, a receipt for his wife's immigrant petition for relative (Form I-130) filed on April 15, 2003, and his wife's certificate of naturalization issued July 30, 2004. Because

---

[1] 8 C.F.R. § 204.2(a)(1)(iii)(B) details the type of evidence that should be presented to demonstrate a good faith marriage. For example, the petitioner could submit documentation of joint ownership of property, a lease showing common residence, documentation of commingling of financial resources, birth certificates of children born to the petitioner and his spouse, and affidavits of third parties having knowledge of the bona fide nature of the marriage.

4

this evidence is insufficient to establish a prima facie case that his marriage was entered in good faith, we hold that the BIA properly denied Chun's motion to remand. Chun had an opportunity to present clear and convincing evidence that his marriage was bona fide, and he failed to do so. See Matter of Velarde, 23 I&N Dec. 253, 257 (BIA 2002) (noting that Congress, in amending the marriage fraud provisions, intended to allow aliens married after proceedings had been initiated "one opportunity to present clear and convincing evidence that their marriage was bona fide").

## B. Evidence Suppression

A deportation proceeding is a civil proceeding with purposes different from criminal proceedings. The Fourth Amendment's exclusionary rule does not apply to deportation proceedings. See Lopez-Mendoza, 468 U.S. 1032, 1050 (1984). Therefore, even if we concluded that the NIIS data about Chun was derived from an illegal search and seizure, the immigration court would not need to suppress it.

## C. Substantial Evidence

This court reviews issues of fact for substantial evidence. 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); INS v. Elias-Zacarias, 502 U.S. 478, 481, 483–84 (1992); Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994). Under this standard, this court may not reverse unless it finds that the evidence compels the contrary conclusion. Elias-Zacarias, 502 U.S. at 481; Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). Substantial evidence is lacking only if the petitioner establishes that the record evidence is so

5

compelling that no reasonable factfinder could fail to find the petitioner eligible for withholding. Elias-Zacarias, 502 U.S. at 483–84.

Chun asserts that the IJ's conclusion that he was deportable was not supported by substantial evidence. However, the NIIS data clearly showed that Chun only was authorized to remain in the United States until February 17, 2001. This evidence is sufficient to establish that the IJ's decision was supported by substantial evidence.

In addition, Chun argues that the NIIS records are inadmissible because they were not properly authenticated. Even if admissible, he asserts they are hearsay and insufficient to establish his deportability. However, the rules of evidence do not apply to deportation proceedings. Bustos-Torres v. INS, 898 F.2d 1053, 1055 (5th Cir. 1990). "Nonetheless, due process standards of fundamental fairness extend to the conduct of deportation proceedings." Id. (citing Bridges v. Wixon, 326 U.S. 135, 154 (1945)). Therefore, "the test for admissibility . . . is whether the evidence is probative and whether its use is fundamentally fair so as not to deprive the alien of due process of law." Id. The NIIS record contained probative data about Chun's deportability and the IJ did not err in concluding that the record was reliable where the INS attorney provided that it came from an official government database. Therefore, the IJ properly admitted the evidence.

CONCLUSION

The petition for review is DENIED.

6