**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 2, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-61106
Summary Calendar

_____

UBONG KISH UFOT,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 555 921
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges,

PER CURIAM:[*]

Ubong Kish Ufot has filed a petition for review from the
Board of Immigration (BIA)'s decision affirming the Immigration
Judge (IJ)'s denial of a motion for continuance and the BIA's
refusal to consider evidence of his prima facie eligibility for
adjustment of status.

Ufot argues that the IJ erred in denying his motion for a
continuance to allow him to obtain an adjustment of his status.
He contends that the IJ refused to allow him to submit evidence
that his spouse had filed for an immediate visa on his behalf,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which was a prerequisite to obtaining an adjustment of status based on his marriage. The record does not reflect that counsel moved to introduce Ufot's visa petition or any other documentation of his marriage to demonstrate by clear and convincing evidence that his marriage was entered into in good faith and was not entered into to procure his admission into the country as required by 8 U.S.C. § 1255(e)(3). See also 8 C.F.R. § 245.1(c)(8)(iii). Because Ufot did not make a prima facie showing that he was eligible for an adjustment of status, the IJ did not abuse his discretion in denying the motion to continue. Witter v. INS, 113 F.3d 549, 555 (5th Cir. 1997)

Ufot further argues that the BIA erred in not considering additional evidence that he submitted with his appeal or in not remanding the case to the IJ for consideration of the new evidence. Ufot was required to present evidence of good cause for the continuance to the IJ. The BIA will not make factfindings in deciding appeals. Ali v. Gonzales, 440 F.3d 678, 680 n.1 (5th Cir. 2006). The proper procedure to present additional evidence is a motion to reopen. Id. The BIA did not abuse its discretion in refusing to consider the additional evidence or in denying the request for a remand. Matter of Ige, 20 I. & N. Dec. 880, 884 (1994); Magdaleno de Morales v. INS, 116 F.3d 145, 147 (5th Cir. 1997).

PETITION FOR REVIEW DENIED.