**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO NUNEZ-ALVAREZ, | No. 08-73396 |
| Petitioner, | Agency No. A074-787-557 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010**

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Francisco Nunez-Alvarez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen based on ineffective assistance of counsel.  We have jurisdiction under

8 U.S.C. § 1252.  *See Fernandez v. Gonzales*, 439 F.3d 592, 602 (9th Cir. 2006)

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(court has jurisdiction to consider hardship evaluations in the context of the agency's prejudice determinations). We review for abuse of discretion the denial of a motion to reopen, and review de novo claims of due process violations due to ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We grant the petition for review.

The BIA concluded that Nunez-Alvarez failed to demonstrate that his former counsel's withdrawal of his application for special rule cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(2) prejudiced Nunez-Alvarez's claim for this form of relief, because Nunez-Alvarez did not demonstrate that his removal would result in extreme hardship to himself or his qualifying relatives. However, the BIA addressed only the evidence included with the motion, and it did not consider this evidence in aggregate with the evidence of hardship presented before the IJ. *See Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) (the BIA abuses its discretion when it fails to "consider and address in its entirety the evidence submitted by a petitioner") (internal quotation marks and citation omitted); *Matter of Ige*, 20 I. & N. Dec. 880, 882 (BIA 1994) (relevant hardship factors "must be considered in the aggregate in determining whether extreme hardship exists"). The BIA therefore abused its discretion in denying Nunez-Alvarez's motion to reopen.

*See Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000) (agency abuses its discretion when it acts "arbitrarily, irrationally, or contrary to law").

We remand for the BIA to determine, in light of the entire record, whether Nunez-Alvarez's former counsel's actions "may have affected the outcome of the proceeding." *Mohammed*, 400 F.3d at 794 (internal quotation omitted).

**PETITION FOR REVIEW GRANTED; REMANDED.**