# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 13, 2011

Lyle W. Cayce
Clerk

No. 10-60646
Summary Calendar

TAIWO JAIYEOLA,

Petitioner,

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 564 368

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Taiwo Jaiyeola, a native and citizen of Nigeria, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) to uphold the order of an immigration judge declining to grant his application for cancellation of removal. Jaiyeola sought relief on the basis that if he were to be deported, his two U.S.-citizen daughters would suffer exceptional and extremely unusual hardship. *See* 8 U.S.C. § 1229b(b)(1). In this court, Jaiyeola raises a single argument—that the BIA's decision ran afoul of its earlier precedential decision

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in *Matter of Ige*, 20 I. & N. Dec. 880 (BIA 1994), because the BIA failed to consider whether Jaiyeola's daughters would face exceptional and extremely ususal hardship if they were to accompany him to Nigeria.  However, Jaiyeola failed to raise this argument before the immigration judge or the BIA, contending only that his daughters would suffer hardship as a result of their separation from him and his inability to provide for them financially.  Indeed, Jaiyeola testified before the immigration judge that if he were to be deported, his children would remain in the United States with their mothers, and he presented no evidence concerning how they would fare in Nigeria.  Because Jaiyeola failed to exhaust his administrative remedies, we lack jurisdiction to consider his petition for review.  *See* 8 U.S.C. § 1252(d)(1); *Kane v. Holder*, 581 F.3d 231, 237-38 (5th Cir. 2009).  Accordingly, the petition for review is DISMISSED.