# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60422
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2014

Lyle W. Cayce
Clerk

TEMESGEN FISHAYE,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 105 064

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Temesgen Fishaye, a native and citizen of Eritrea, applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), based on alleged persecution in retaliation for allowing a prisoner he was guarding to escape. His application for relief under CAT was granted; his applications for asylum and withholding of removal were denied based on the adverse credibility determination of the immigration judge (IJ) and a finding

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of a lack of corroborative evidence, which was upheld by the Board of Immigration Appeals (BIA).  The BIA also denied Fishaye's motion to remand to consider new evidence.

First, Fishaye argues that the record does not support the IJ's and BIA's adverse credibility determinations.  This court reviews an immigration court's findings of fact for substantial evidence.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  This court may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it."  *Id*. at 537.

Pursuant to the REAL ID Act of 2005, "an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible."  *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii).  We will "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted).

Fishaye argues that the IJ did not consider the totality of the circumstances in finding that he had made inconsistent statements about his past persecution.  He attempts to explain the apparent inconsistency between his statement in the credible fear interview that he was not harmed and his testimony that he was tied up in various positions and beaten by attributing it to trouble understanding the translations.  He explains that there is a difference in the Tigrinya language between punishment and harm, and he thought that the translator was asking him whether he had experienced harm leading to severe injury.  He also argues that the IJ's finding that he made

inconsistent statements regarding his practice of religion is not supported by substantial evidence. He explained that when he stated in the credible fear interview that he did not practice any religion, he meant that although he believed in the religion, he could not practice it, i.e., go to church, in Eritrea because it was banned.

The BIA and the IJ considered and rejected Fishaye's explanations. Nothing in the record compels belief in his explanation. In light of the inconsistencies found by the IJ and the BIA, it is not "plain that no reasonable fact-finder could make such an adverse credibility ruling." *See Wang*, 569 F.3d at 539 (upholding the IJ's adverse credibility finding because nothing in the record compelled belief in the applicant's story, including alleged problems with Chinese interpreter).

The Government argues that Fishaye has waived appeal of the denial of his applications for relief on the independently dispositive finding that he did not provide reasonably available corroborative evidence. Fishaye argues that the court may review the IJ's findings related to corroborative evidence because the issue has been raised in the response brief. The Government addressed the corroborative evidence issue in its response brief. To the extent that Fishaye's argument can be construed as a response to the Government's brief, this court may consider the issue. *See United States v. Ramirez*, 557 F.3d 200 (5th Cir. 2009).

Fishaye argues that the IJ's corroboration finding is not supported by substantial evidence because the IJ required evidence that he did not possess and was not reasonably able to obtain. He notes that the IJ found that he did not present reasonably available evidence that would corroborate his claims of persecution in Eritrea, including documentation of his brother's asylum claim and evidence to corroborate his contemporaneous religious beliefs and

practices.   He argues that corroborative evidence of his religion was not reasonably available because Protestant sects of Christianity are forcibly suppressed in Eritrea by the government and that he had no church which could produce a document demonstrating his membership.  He asserts that any attestation to such religious affiliation from someone in Eritrea would pose a danger of arrest for the person so attesting.

In order to carry his burden of proof, a petitioner must sometimes present reasonably available corroborative evidence of his claims, and the failure to do so may be dispositive of the petitioner's application for relief without regard to the credibility of his testimony. *Rui Yang v. Holder*, 664 F.3d 580, 585-87 (5th Cir. 2011).   In reviewing challenges to determinations regarding the availability of corroborating evidence, this court considers whether the IJ was "compelled to conclude that such corroborating evidence is unavailable." *Id.* at 587 (quoting 8 U.S.C. § 1252(b)(4)).

Fishaye's argument fails to explain why he could not have obtained a letter from his brother in Sweden to corroborate his assertion that he was a believer in the Pentecostal faith in Eritrea.  His brother was not in any danger from producing such a letter as are his relatives still in Eritrea.  Also, with his motion to remand, Fishaye produced letters from several people who professed to know that Fishaye's family practiced the Christian faith in Eritrea.  He does not explain why he could not have produced these letters at his original hearing.  Fishaye has not shown that the IJ was compelled to conclude that corroborating evidence was unavailable.  *Yang*, 664 F.3d at 587.

Next, Fishaye argues that the BIA abused its discretion in denying his motion to remand because the evidence was material and could not have been presented at his hearing.  A motion to remand for the consideration of new evidence is considered to be the same in substance as a motion to reopen a removal proceeding. *Wang v. Ashcroft*, 260 F.3d 448, 451-52 (5th Cir. 2001).   "A motion to reopen

No. 13-60422

proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ."  8 C.F.R. § 1003.2(c)(1); *see also Matter of Ige*, 20 I & N Dec. 880, 883 (BIA 1994).

Regarding his Eritrean identification card, Fishaye contends that it was material to the IJ's credibility determination and that the translation was not readily available on the date of the hearing, or at least by the deadline to submit evidence for the hearing.  Fishaye fails to address the fact that his identification card was excluded for lack of a proper translation and not because he failed to provide the document to the Department of Homeland Security 14 days before the hearing.  The document was available and was presented at the hearing, but it was not accompanied by a properly signed translator's certificate.

Fishaye also argues that his brother's Swedish identification card was material and was not available on the date of the hearing.  The BIA noted that there was no translation provided for the brother's identification card in exhibit B of the motion to remand.  Fishaye does not address the lack of translation, nor does he explain why his brother could not have sent him a copy of the identification card in time for his hearing.

Regarding the letters provided in exhibit E of his motion to remand, Fishaye argues that they are material evidence that would likely have changed the outcome of the case.  His argument addresses the materiality requirement, but he does not make any argument concerning whether this evidence was unavailable or could not have been discovered or presented at his hearing.  *See* 8 C.F.R. § 1003.2(c)(1); *see also Ige*, 20 I & N Dec. at 883.

PETITION DENIED.

5