# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2022

Lyle W. Cayce
Clerk

No. 20-60154
Summary Calendar

Felipe Campos-Flores,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 701 198

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Felipe Campos-Flores, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for cancellation of removal. Campos-Flores contends that the immigration judge (IJ) and BIA applied the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60154

wrong legal standard in determining that he failed to demonstrate that his removal would cause exceptional and extremely unusual hardship to his wife and children.

The government moves to dismiss for lack of jurisdiction, but we have jurisdiction to review the determination that a petitioner is ineligible for cancellation of removal. *Guerrero Trejo v. Garland*, 3 F.4th 760, 772–73 (5th Cir. 2021). We thus DENY the motion to dismiss.

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence and legal determinations are reviewed de novo. *Guerrero Trejo*, 3 F.4th at 774.

Cancellation of removal is available to applicants who have been continuously present in the United States for 10 or more years prior to filing an application, who can establish good moral character during that time, who have no disqualifying convictions, and whose spouse, children, or parent would suffer exceptional and extremely unusual hardship if the applicant were removed. 8 U.S.C. § 1229b(b)(1).

Despite Campos-Flores's assertions to the contrary, the consequences facing his wife and children if he were removed are not "'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *Guerrero Trejo*, 3 F.4th at 775 (quoting *In Re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001)). Moreover, his claim that the BIA and IJ applied an incorrect and higher legal standard for hardship is belied by the record. The record reflects that the BIA considered whether the financial, emotional, and psychological hardship that Campos-Flores's wife and children would suffer would rise to the level of exceptional and extremely unusual hardship and that the IJ explicitly

considered the emotional hardship that his wife and children would suffer if he were removed while they remained in the United States. While Campos-Flores also claims that IJ incorrectly relied on the BIA's decision in *Matter of Ige*, 20 I. & N. Dec. 880 (BIA 1994), for the proposition that he could not claim hardship based on emotional separation if his qualifying relatives were to remain in the United States, this argument is misplaced because neither the IJ nor the BIA relied on *Matter of Ige* in determining that he failed to demonstrate the requisite hardship to his wife and children. The record does not compel a finding that his wife and children would suffer exceptional and extremely unusual hardship if he were removed, and substantial evidence supports the determination that Campos-Flores was ineligible for cancellation of removal. *See Guerrero Trejo*, 3 F.4th at 774.

Campos-Flores also argues that the BIA erred by assigning his appeal to a single member for review rather than a three-member panel. However, because the decision whether an appeal merits three-member review is discretionary, we lack jurisdiction to review that decision. *See Tibakweitira v. Wilkinson*, 986 F.3d 905, 914 (5th Cir. 2021).

Accordingly, the petition for review is DENIED in part and DISMISSED in part.