In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 06-4285

HANNA YOUSSEF MEKHAEL,

*Petitioner*,

*v.*

MICHAEL B. MUKASEY, Attorney General
of the United States,

*Respondent*.

_____

Petition to Review an Order of the
Board of Immigration Appeals.
No. A 76 398 904

_____

SUBMITTED SEPTEMBER 25, 2007—DECIDED NOVEMBER 16, 2007

_____

Before POSNER, KANNE, and ROVNER, *Circuit Judges*.

POSNER, *Circuit Judge*. The petitioner, a Lebanese citizen, sought asylum and other relief on the ground that he has a well-founded fear of persecution should he be returned to Lebanon, because he is a Christian and a former member of the Southern Lebanese Army, a group trained and supported by Israel to fight Hezbollah. Following a hearing in July 2005, the immigration judge denied relief, and the Board of Immigration Appeals affirmed the denial in August 2006. The following month, the petitioner moved the Board to reopen the proceeding on

the ground that conditions in Lebanon had changed materially since his July 2005 hearing, as a result of the war between Israel and Hezbollah that began on July 12, 2006, while his appeal to the Board was awaiting decision. He also presented evidence that in the aftermath of the publication in Denmark of cartoons caricaturing the Prophet Muhammad, violence against Christians in Lebanon had intensified. The Board denied the motion to reopen on the ground that the evidence that the petitioner had introduced in support of it merely "details ongoing problems in Lebanon, and therefore, was discoverable and available" to the petitioner before his hearing in July 2005, and that "to the extent that any specific incidents alleged by the [petitioner] occurred after that time, they are merely cumulative, and as such, not persuasive." This is the Board's entire discussion of its grounds for denying the motion. It was not of course relying on the opinion of the immigration judge; that opinion had been issued before the change of conditions in Lebanon upon which the motion to reopen (filed with the Board) was based.

The Board's reasoning was remarkable, since the petitioner's evidence concerned dramatic, portentous events that had occurred after the administrative record was closed, and so could not have been discovered before the July 2005 hearing. The government points out that the petitioner had described at the hearing tensions between Muslims and Christians and between Israel and Hezbollah. But evidence that after the hearing these tensions boiled over into full-scale warfare and deadly street riots was no more "cumulative" of the evidence presented at the hearing than our Civil War was merely "cumulative" evidence of tensions between North and South that dated back to the constitutional convention of 1787.

We have repeatedly reversed the Board when it has failed to give reasoned consideration to post-hearing evidence, *Gebreeyesus v. Gonzales*, 482 F.3d 952, 955 (7th Cir. 2007); *Kebe v. Gonzales*, 473 F.3d 855 (7th Cir. 2007); *Sosnovskaia v. Gonzales*, 421 F.3d 589, 593 (7th Cir. 2005); *Fessehaye v. Gonzales*, 414 F.3d 746, 750, 754-55 (7th Cir. 2005); *Brucaj v. Ashcroft*, 381 F.3d 602, 609-11 (7th Cir. 2004), as have other circuits. *Shardar v. Attorney General*, 2007 WL 2713029 (3d Cir. Sept. 19, 2007); *Chen v. Gonzales*, 490 F.3d 180, 184 (2d Cir. 2007) (per curiam); *Li v. U.S. Attorney General.*, 488 F.3d 1371, 1375 (11th Cir. 2007) (per curiam); *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). These decisions require that we vacate the Board's order and remand the case for further proceedings consistent with this opinion. We take no position on the merits of the motion to reopen. The only ground of our decision is the Board's failure to articulate a reasoned response to the motion. We understand the Board's staggering workload. But the Department of Justice cannot be permitted to defeat judicial review by refusing to staff the Immigration Court and the Board of Immigration Appeals with enough judicial officers to provide reasoned decisions. The petition for review is granted and the Board's order vacated.

A true Copy:

     Teste:

                              _____
                              *Clerk of the United States Court of*
                              *Appeals for the Seventh Circuit*