**Jean Elias CHAHOUD, Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney General,\* Respondent.**

No. 07–2808–ag.

United States Court of Appeals, Second Circuit.

July 2, 2008.

---

\* Attorney General Michael B. Mukasey is substituted for former Attorney General Alberto Gonzales pursuant to Fed. R.App. P. 43(c)(2).

Justin Conlon, Law Offices of Michael Boyle, North Haven, CT, for Petitioner.

Daniel Lonergan (Lindsay B. Glauner, Trial Attorney, Linda S. Wernery, Assistant Director, on the brief), Office of Immigration Litigation, for Jeffrey S. Bucholtz, Assistant Attorney General, Civil Division, Washington, DC, for Respondent.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges, Hon. JOHN G. KOELTL, District Judge.**

## SUMMARY ORDER

Petitioner Jean Elias Chahoud, a native and citizen of Lebanon, seeks review of the June 1, 2007 order of the BIA: (1) affirming the October 25, 2005 decision of Immigration Judge ("IJ") Michael W. Straus denying his application for cancellation of removal; and (2) denying his motion to remand to apply for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jean Elias Chahoud,* No. A94 126 091 (B.I.A. June 1, 2007), *aff'g* A94 126 091 (Immig. Ct. Hartford Oct. 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

## I. CANCELLATION OF REMOVAL

When the BIA does not expressly "adopt" the IJ's decision, but its brief opin-ion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir.2006).

 In general, we lack jurisdiction to review the agency's denial of an application for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Barco–Sandoval v. Gonzales,* 516 F.3d 35, 38 (2d Cir.2008). However, we retain jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see also Noble v. Keisler,* 505 F.3d 73, 77 (2d Cir.2007). While we conclude that Chahoud's argument that the agency applied a legally erroneous standard is a question of law over which we may exercise our jurisdiction, *see Barco–Sandoval,* 516 F.3d at 40, we also conclude that this argument is without merit. *See Khan v. Gonzales,* 495 F.3d 31, 35 (2d Cir.2007) ("Our analysis of whether a petition presents reviewable claims focuses on the nature of the claims raised and not on the merits of those claims."). We find that the record supports the IJ's inference that Chahoud's United States citizen daughter would not accompany him to Lebanon, *see Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir. 2007), and, therefore, that the IJ appropriately focused his analysis on whether she would suffer hardship in the United States. *Cf. Barco–Sandoval,* 516 F.3d at 37 (discussing the IJ's findings that the applicant's children would not suffer hardship in the U.S.); *Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1012 (9th Cir.2005).[1]

---

** The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

1. Chahoud points us to the BIA's decision in *Matter of Ige,* 20 I. & N. Dec. 880 (B.I.A.

1994), in which the BIA noted that, "as a matter of law, ... the critical issue in determining an alien's eligibility for suspension [now cancellation is] whether a child would suffer extreme hardship if he accompanied

■ As to Chahoud's other arguments addressing the agency's analysis of specific "hardship" factors, we conclude that they present no colorable questions of law over which we can exercise our jurisdiction. *Barco–Sandoval*, 516 F.3d at 40–42. Accordingly, we deny Chahoud's petition for review to the extent it raises questions of law over which we have jurisdiction, and dismiss the remaining portions of the petition for lack of jurisdiction. *Khan*, 495 F.3d at 37.

## II. MOTION TO REMAND

We review the BIA's denial of a motion to reopen, or remand, for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

■ We find that the BIA did not abuse its discretion in denying Chahoud's motion to remand to apply for asylum, withholding of removal, and CAT relief. The record evidence supports the BIA's finding that there had been no *material* change in the conditions in Lebanon (i.e., relevant to the risk of harm faced by Christians) since the IJ's October 2005 decision.[2] *See* 8 C.F.R. § 1003.2(c)(1). For this reason, and because Chahoud had an opportunity to file an asylum application during his initial appearance before the IJ, we will not disturb the BIA's denial of his motion.[3] *See id.; Kaur*, 413 F.3d at 233–34.

## III. CONCLUSION

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

his parent abroad." *Id.* at 885. He argues that this suggests that the IJ should only have considered whether his daughter would face hardship if she accompanied him to Lebanon. However, the BIA's analysis in *Matter of Ige* reflected the particular circumstances of that case, which concerned a five-year-old U.S. citizen whose parents were both in immigration proceedings and who, the record indicated, would accompany his parents if they were deported. *Id.* at 884. In other cases regarding cancellation of removal, the agency has commenced its hardship analysis with a finding as to the most likely fate of the qualifying children in the event the applicant was removed. *See, e.g., In re Monreal–Aguinaga*, 23 I. & N. Dec. 56, 64 (B.I.A.2001) ("The respondent's two oldest children will likely relocate to Mexico with him.").

2. We decline to consider the extra-record evidence Chahoud cites in his brief because our review is limited to "the administrative record on which the [challenged] order of removal is based," 8 U.S.C. § 1252(b)(4)(A), and because we find that this evidence does not reflect "further changes in [Lebanon's] politics that occurred between the time of the BIA's ... decision and our review," *Hoxhallari v. Gonzales*, 468 F.3d 179, 186 n. 5 (2d Cir.2006) (per curiam).

3. Contrary to Chahoud's argument, the Seventh Circuit's decision in *Mekhael v. Mukasey* is not controlling because the movant in that case was not only a Christian, but was "a former member of the Southern Lebanese Army, a group trained and supported by Israel to fight Hezbollah." 509 F.3d 326, 327 (7th Cir.2007). Chahoud does not claim to have any military affiliation.