FILED
United States Court of Appeals
Tenth Circuit

July 3, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SANDRA LOPEZ-MUNOZ,

Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

No. 13-9608
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **LUCERO** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Sandra Lopez-Munoz, a native and citizen of Mexico, petitions for review of a

decision of the Board of Immigration Appeals (BIA) denying her motion to reopen

removal proceedings. We deny the petition for review in part and dismiss it in part

for lack of jurisdiction.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Ms. Lopez-Munoz was charged with entering the United States without being lawfully admitted or paroled.  She conceded the charge but sought cancellation of removal under 8 U.S.C. § 1229b(b).  That provision requires an alien to show, among other things, "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence."  *Id.* § 1229b(b)(1)(D).

At a hearing before an immigration judge (IJ), Ms. Lopez-Munoz testified that her sons, both of whom are U.S. citizens, would experience such hardship if she were removed.  She explained that she and her husband and sons had "always been together as a family."  Admin. R. at 229.  But she said that if she were removed, her sons would remain in the United States with her husband.  Moreover, she feared violence and kidnappings in Mexico and worried that her sons would have difficulty in school there.  In particular, she expressed concern for her older son, Sergio, who spoke very little Spanish and was receiving psychological counseling for difficulties associated with the prospect of her removal.  Indeed, she submitted a letter from Sergio's school indicating that he was having trouble with attendance and concentrating due to his concerns about her potential deportation.  She also submitted a letter from a psychological counselor stating that Sergio's ongoing symptoms of depression seemed to have been exacerbated by the threat of her possible deportation.

The IJ acknowledged the inherent hardship attending removal proceedings but concluded that Ms. Lopez-Munoz failed to show that a qualifying family member would suffer exceptional and extremely unusual hardship if she were removed. The IJ recognized that Sergio had seen a psychologist four times, the most recent occasion stemming from Ms. Lopez-Munoz's removal proceedings. Yet the IJ observed that there was no documentary or testimonial evidence establishing the severity of Sergio's condition; instead, the evidence established only that Sergio was having trouble with attendance and concentrating at school. Hence, the IJ denied cancellation of removal and ordered Ms. Lopez-Munoz removed to Mexico.

The BIA affirmed. The BIA concluded that the IJ had properly considered the evidence of hardship to the children, including their good physical health, Sergio's mental-health counseling and difficulties with school, as well as the family's economic concerns. The BIA also recognized the hardship caused by the family's separation. Nevertheless, the BIA ruled that "separation of family is unfortunately not uncommon in cancellation of removal cases." *Id.* at 99-100. Thus, the BIA determined that in the aggregate, Ms. Lopez-Munoz failed to establish that her sons would suffer exceptional or extremely unusual hardship.

Ms. Lopez-Munoz did not petition this court for review of the discretionary denial of relief. Instead, she moved the BIA to stay her removal and reopen her case. In support of the motion to reopen, she submitted a November 2012 psychological assessment indicating that Sergio had been diagnosed with severe depression, which

- 3 -

appeared to have been exacerbated by his mother's removal proceedings. She also submitted affidavits signed by herself, Sergio, and her younger son, declaring that in February 2012, Sergio had been hit in the chest by his taekwondo instructor. Finally, she submitted information indicating that Sergio had been diagnosed with Osgood-Schlatter's disease, a condition that causes knee pain. Ms. Lopez-Munoz asserted that this information demonstrated the level of hardship required to establish her eligibility for relief.

The BIA disagreed, noting that a motion to reopen must be predicated on new, previously unavailable, and material evidence. *See* 8 C.F.R. § 1003.2(c). The BIA ruled that the allegations of Sergio's assault, which occurred in February 2012, were not new because they could have been presented at the IJ's March 2012 hearing. Likewise, the BIA ruled that Sergio's diagnosis of severe depression was not new because it was substantially similar to his ongoing symptoms of depression, which began several years earlier. As for Sergio's knee injury, the BIA found no need for a hearing because the record indicated that it would resolve with conservative treatment. Thus, the BIA concluded that the evidence was not sufficiently material to warrant a new hearing, nor "sufficient to make a prima facie showing of exceptional and extremely unusual hardship, so as to warrant reopening." Admin. R. at 3.

Ms. Lopez-Munoz now challenges the denial of her motion to reopen, arguing that the BIA applied the wrong legal standard, failed to consider the aggregate impact of the evidence, and abused its discretion in denying her motion to reopen.

II

*A.  Legal Standard Governing a Motion to Reopen*

We first consider Ms. Lopez-Munoz's contention that the BIA applied an improper legal standard in denying her motion to reopen.  She says that 8 U.S.C. § 1229a(c)(7)(B) simply requires an alien to produce new, material evidence that is relevant to the hardship assessment, but the BIA requires a more onerous prima facie showing of exceptional and extremely unusual hardship.  The government contends that the BIA's prima facie requirement is a reasonable interpretation of the statute that is entitled to deference under *Chevron, U.S.A., Inc., v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).  We review this legal question de novo, *Barrera-Quintero v. Holder*, 699 F.3d 1239, 1243 (10th Cir. 2012), and conclude that the prima facie showing requirement is entitled to deference.

"Under the *Chevron* test, a court gives deference to an agency's interpretation of a statute Congress charged it with administering if the statute is silent or ambiguous on the question at hand and the agency's interpretation is not arbitrary, capricious, or manifestly contrary to the statute."  *Id.* at 1244 (internal quotation marks omitted).  The statutory provision at issue here, 8 U.S.C. § 1229a(c)(7)(B), provides that a "motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material."  Because the statute says nothing about an alien's burden to make a prima facie showing, we examine whether the requirement is "based on a

- 5 -

permissible construction of the statute." *Contreras-Bocanegra v. Holder*, 678 F.3d 811, 816 (10th Cir. 2012) (en banc) (internal quotation marks omitted).

Section 1229a(c)(7)(A) "guarantees to each alien the right to file one motion to reopen." *Dada v. Mukasey*, 554 U.S. 1, 15 (2008) (internal quotation marks omitted). But the decision to grant or deny a motion to reopen rests within the BIA's "broad discretion." *Kucana v. Holder*, 558 U.S. 233, 242 (2010); *see id.* at 250 (holding that BIA retains "broad discretion . . . to grant or deny a motion to reopen" (internal quotation marks omitted)). The BIA may deny a motion to reopen where (1) the alien "has not established a prima facie case for the underlying substantive relief sought"; (2) the alien "has not introduced previously unavailable, material evidence"; and (3) where relief is discretionary, the alien "would not be entitled to the discretionary grant of relief." *INS v. Abudu*, 485 U.S. 94, 104-05 (1988). *Abudu*'s first ground—a prima facie showing of eligibility for relief—"is not regulatory" but "was instead developed by the BIA in its case law." *Fernandez v. Gonzales*, 439 F.3d 592, 600 n.6 (9th Cir. 2006). Under this standard, an alien must present evidence that "reveals a reasonable likelihood that the statutory requirements for relief have been satisfied." *In re S-V-*, 22 I. & N. Dec. 1306, 1308 (BIA 2000), *overruled on other grounds by Zheng v. Ashcroft*, 332 F.3d 1186, 1196 (9th Cir. 2003). This requirement "serves a screening function by ensuring that only those cases in which facts are alleged and supported that are legally sufficient to support a finding of eligibility for [relief] will be reopened." *Haftlang v. INS*, 790 F.2d 140,

143 (D.C. Cir. 1986). Yet the BIA retains the "discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a); *see Abudu*, 485 U.S. at 105-06.

We conclude that the BIA's interpretation of the statute is reasonable. *See Barrera-Quintero*, 699 F.3d at 1246 ("[A]s long as the interpretation is reasonable, we must defer to the agency's construction of the statute . . . ."). The prima facie showing standard is met "where the new facts alleged, when coupled with the facts already of record, satisfy [the BIA] that it would be worthwhile to develop the issues further." *In re S-V-*, 22 I. & N. Dec. at 1308 (internal quotation marks omitted). The standard does not require "a conclusive showing that eligibility for relief has been established," *id.*, despite the fact that the BIA retains the discretion to deny a motion to reopen even if the alien makes the prima facie showing. To be sure, this presents the alien with a "heavy burden," but the requirement that an alien make a prima facie showing of eligibility for relief attempts to ensure that "'if proceedings before the [IJ] were reopened, with all the attendant delays, the new evidence offered would likely change the result in the case.'" *Maatougui v. Holder*, 738 F.3d 1230, 1239-40 (10th Cir. 2013) (quoting *In re Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992)). Because this construction is not arbitrary, capricious, or contrary to the purpose of the statute, the BIA's requirement is entitled to deference.[1]

---

[1]     Ms. Lopez-Munoz contends the BIA may not contract the jurisdiction granted to it by Congress by establishing the prima facie eligibility requirement. *See* Pet'r

(continued)

*B. Consideration of Hardship Evidence in the Aggregate*

Next, Ms. Lopez-Munoz argues that the BIA failed to consider the aggregate impact of her evidence. We have explained that "if, in deciding a motion to reopen, the BIA refuses, contrary to established procedures, to consider new and pertinent evidence, due process rights are implicated." *Alzainati v. Holder*, 568 F.3d 844, 850 (10th Cir. 2009). Thus, to the extent Ms. Lopez-Munoz raises a constitutional claim, we review her argument de novo. *See Barrera-Quintero*, 699 F.3d at 1243. We perceive no violation, however, because the BIA expressly discussed the evidence of Sergio's alleged assault, his most recent psychological assessment, and the symptoms of his knee injury. The BIA then concluded that this case, including the evidence submitted with the motion to reopen, failed to establish Ms. Lopez-Munoz's eligibility for relief. This satisfied the BIA's obligation to consider the evidence of hardship in the aggregate. *See generally In re Ige*, 20 I. & N. Dec. 880, 882 (BIA 1994) (holding that hardship factors must be considered in the aggregate). And even if it did not, we still would have no jurisdiction to review the underlying merits

Br. at 16 (citing *Union Pac. R.R. v. Bhd. of Locomotive Eng'rs*, 558 U.S. 67, 71-72 (2009)). There is no indication, however, that the requirement carries a jurisdictional dimension. Rather, as we have explained, the requirement establishes a threshold standard by which the BIA determines whether to exercise its discretionary authority to reopen removal proceedings. *Cf. Marin-Rodriguez v. Holder*, 612 F.3d 591, 595 (7th Cir. 2010) ("The Board may well be entitled to recast its approach as one resting on a categorical exercise of discretion, but it cannot insist that it has elected to foreswear subject-matter jurisdiction that it possesses under a statute.").

decision; rather, we would have only limited jurisdiction to compel the BIA to fairly consider the relevant evidence. *See Alzainati*, 568 F.3d at 850.

### C. Denial of Motion to Reopen

Finally, Ms. Lopez-Munoz contends the BIA abused its discretion in denying her motion to reopen. She insists that she presented new and sufficient evidence of Sergio's depression to warrant reopening her case, but the BIA failed to meaningfully review it. Ordinarily, we retain jurisdiction to review the denial of a motion to reopen for an abuse of discretion. *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1361-62 (10th Cir. 2004). However, Ms. Lopez-Munoz's argument effectively challenges the underlying merits determination that she failed to show the requisite level of hardship for purposes of establishing her eligibility for cancelation of removal. Under 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review the BIA's discretionary determination that an alien "has failed to demonstrate that removal would cause exceptional and extremely unusual hardship." *Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1148 (10th Cir. 2005) (internal quotation marks omitted). And "[b]ecause § 1252(a)(2)(B)([i]) precludes our review of an 'exceptional and extremely unusual hardship' determination under § 1229b(b)(1)(D), it also precludes our jurisdiction to review the BIA's denial of a motion to reopen because the alien still has failed to show the requisite hardship." *Alzainati*, 568 F.3d at 849. To the extent Ms. Lopez-Munoz asserts the BIA failed to adequately discuss the evidence in a meaningful way, this is essentially "a quarrel about the level of detail required in the

BIA's analysis, not a colorable due process claim." *Id.* at 851. Consequently, we have no jurisdiction to review the BIA's decision that Ms. Lopez-Munoz failed to establish the requisite level of hardship in her motion to reopen. *Cf. Kucana*, 558 U.S. at 250 n.17 (declining to consider whether court has jurisdiction to review the denial of motion to reopen where court would have no jurisdiction to review the underlying claim for relief).

Accordingly, the petition for review is denied in part and dismissed in part.

Entered for the Court


Monroe G. McKay
Circuit Judge