NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Gilberto Reducindo-Villanueva, | No. 21-106 |
| Petitioner, | Agency No.  A200-154-082 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2023 **
Pasadena, California

Before: PAEZ, CHRISTEN, and MILLER, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge MILLER.

Gilberto Reducindo Villanueva petitions for review of the Board of

Immigration Appeals ("BIA") decision affirming the immigration judge's denial

of his application for cancellation of removal for nonpermanent residents, *see* 8

U.S.C. § 1229b(b), and denying his motion to remand.  We hold that we have

jurisdiction to review these claims and deny the petition on the merits.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

**1. Jurisdiction Over Motion.** We treat a motion to remand to the immigration judge for further factual development as a motion to reopen. *See Angov v. Lynch*, 788 F.3d 893, 897 (9th Cir. 2015); *Matter of L-A-C-*, 26 I. & N. Dec. 516, 526 (BIA 2015). Ordinarily, we have jurisdiction to review the BIA's denial of a motion to reopen as a final order of removal under 8 U.S.C. § 1252(a)(1). *Mata v. Lynch*, 576 U.S. 143, 147 (2015). Under 8 U.S.C. § 1252(a)(2)(B)(i), however, we lack jurisdiction to review the denial of a motion to reopen that seeks to reapply for cancellation of removal on the same basis upon which an earlier application for the same relief was denied. *Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir. 2006); *but see* 8 U.S.C. § 1252(a)(2)(D) (restoring jurisdiction over constitutional questions or questions of law). But where a motion to reopen "is presenting a basis for relief that was not previously denied," we retain jurisdiction. *Fernandez*, 429 F.3d at 601 (emphasis omitted).[1]

Here, we conclude that we have jurisdiction to review the denial of the motion because Reducindo Villanueva seeks to reapply for cancellation of removal based on hardship to his U.S. citizen children that is different in kind from the hardship he presented in his original application. *See Garcia v.*

---

[1] The Supreme Court's decision in *Patel v. Garland*, 142 S. Ct. 1614 (2022), does not alter this conclusion. *Patel* does not address motions to reopen. *Patel* eliminates the jurisdictional distinction between discretionary and non-discretionary determinations, *id.* at 1622, but does not abrogate the underlying reasoning in *Fernandez*.

*Holder*, 621 F.3d 906, 911–12 (9th Cir. 2010); *Fernandez*, 439 F.3d at 602–03. At the time of Reducindo Villanueva's hearing, his two children lived with their respective mothers. Reducindo Villanueva argued that his children would suffer from reduced financial support and emotional hardship due to lack of contact with their father if he were removed. The motion to remand, in contrast, presented evidence that both children now live with Reducindo Villanueva and asserted that, after this change in the family's circumstances, the children would be forced to accompany their father to Mexico if he were removed. Reducindo Villanueva argued that, in light of each child's newly diagnosed developmental and educational deficits, the children would suffer extreme and unusual hardship from lack of proper medical and educational resources in Mexico. Thus, the motion to remand presented an entirely new basis for hardship—lack of proper medical and educational resources—than the original application, which asserted hardship based on financial difficulties and separation from their father.

**2. Denial of the Motion.** We review the denial of a motion to reopen for abuse of discretion. *See Cano-Merida v. I.N.S.*, 311 F.3d 960, 964 (9th Cir. 2002). Reducindo Villanueva presented three arguments on appeal. None are meritorious.

First, the BIA did not fail to consider evidence. The BIA is presumed to have reviewed the evidence in the absence of an indication to the contrary, *see Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095–96 (9th Cir. 2000), and

Reducindo Villanueva has not overcome this presumption. As the BIA observed, the evidence in the record does not suggest that Reducindo Villanueva's younger child was abandoned by his mother, and the BIA was not required to accept the unsupported assertion in the briefing that both children would accompany Reducindo Villanueva to Mexico based only on evidence that they live with him now. *Cf. Matter of Ige*, 20 I. & N. Dec. 880, 885 (BIA 1994). The BIA's decision also does not indicate a failure to consider the evidence of the children's medical and educational needs, as the BIA implied that it reviewed the records for both children by stating that "the evidence submitted with the motion" does not establish that Reducindo Villanueva's "qualifying relatives suffer from a serious medical condition or that they will be precluded from receiving any treatment or counseling . . . in Mexico."

Second, although neither the BIA nor the IJ explicitly referred to the cumulative hardship standard, *see Matter of Recinas*, 23 I. & N. Dec. 467, 472 (BIA 2002), the decision overall indicates that the BIA did not improperly ignore that standard. The BIA's discussion of *Matter of J-J-G-*, 27 I. & N. Dec. 808, 811 (BIA 2020), is appropriate because that case reiterated the cumulative hardship standard while holding that when, as here, "a claim is based on the health of a qualifying relative," the applicant must show the seriousness of the condition and unavailability of adequate medical care in the country of removal. *Id.* at 811.

Third, the BIA provided a reasoned explanation for its decision. *See*

*Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). Although Reducindo Villanueva argues the BIA abused its discretion by merely stating that the "evidence submitted with the motion does not establish that his qualifying relatives suffer from a serious medical condition," this argument fails. Given the record presented and the reasons for denying the motion, the BIA's statement was "sufficient to enable a reviewing court to perceive that [the BIA] has heard and thought and not merely reacted." *Agonafer v. Sessions*, 859 F.3d 1198, 1206 (9th Cir. 2017) (citation omitted). Thus, the BIA provided a reasoned explanation for its decision. *See id.* (noting the BIA is required to "consider the issues raised," not to "write an exegesis on every contention" (citation omitted)).

We therefore conclude that the BIA did not abuse its discretion in denying Reducindo Villanueva's motion to reopen. For the same reasons, we conclude the BIA did not violate due process in its denial of the motion to remand. *See Su Hwa She v. Holder*, 629 F.3d 958, 963 (9th Cir. 2010), *superseded by statute on other grounds as stated in Ming Dai v. Sessions*, 884 F.3d 858, 868 n.8 (9th Cir. 2018).

**3. Equal Protection Claim.** Reducindo Villanueva argues that the disparate hardship standards for cancellation of removal for nonpermanent residents under 8 U.S.C. § 1229b(b)(1) and special rule cancellation for NACARA applicants, *see* 8 C.F.R. §§ 1240.66(b)(4), violate the Equal Protection and Due Process Clauses of the Fourteenth and Fifth Amendments.

We have jurisdiction to address this claim as a constitutional question under 8 U.S.C. § 1252(a)(2)(D). Contrary to the government's contention, Reducindo Villanueva was not required to exhaust this argument before the BIA because the agency does not have jurisdiction to resolve constitutional challenges to the INA. *See Garcia-Ramirez v. Gonzales*, 423 F.3d 935, 938 (9th Cir. 2005).

Nevertheless, Reducindo Villanueva's equal protection challenge is squarely foreclosed by precedent. This court has held that limitations by country of origin on the availability of NACARA special rule cancellation of removal do not violate equal protection. *See Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir. 2002); *Ram v. INS*, 243 F.3d 510, 517 (9th Cir. 2001).

**PETITION DENIED.**

*Reducindo-Villanueva v. Garland*, No. 21-106

MILLER, Circuit Judge, concurring in part and dissenting in part:

I join part 3 of the disposition because I agree that Reducindo-Villanueva's equal protection challenge lacks merit. But I do not agree that we have jurisdiction over Reducindo-Villanueva's challenge to the denial of his motion to remand, and I would dismiss the petition for review to the extent that it challenges that denial.

The Board denied the motion to remand because it determined that "the evidence presented with the motion [was] insufficient to demonstrate that the decision in this case would likely change"—or, in other words, that even with further proceedings, Reducindo-Villanueva would be unable to demonstrate "exceptional and extremely unusual hardship" warranting a grant of cancellation of removal under 8 U.S.C. § 1229b. Congress has provided that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under" section 1229b. *Id.* § 1252(a)(2)(B). In *Patel v. Garland*, the Supreme Court held that this jurisdiction-stripping provision "encompasses not just 'the granting of relief' but also any judgment *relating to* the granting of relief" under section 1229b. 142 S. Ct. 1614, 1622 (2022). The Board's hardship assessment is a judgment relating to the ultimate decision whether to grant cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(D). We therefore lack jurisdiction to review it.

1

Even our pre-*Patel* precedent directs the same result. In *Fernandez v. Gonzales*, we held that we may not review the denial of a motion to reopen proceedings for cancellation of removal unless "the evidence submitted addresses a hardship ground so distinct from that considered previously as to make the motion . . . a request for new relief." 439 F.3d 592, 603 (9th Cir. 2006). In rejecting Reducindo-Villanueva's application, the immigration judge considered the hardship to his children that would result from reduced contact with their father as well as a claim that one of his children has learning difficulties. The motion to remand adds that his children now live with him and have been diagnosed with learning and developmental disorders. This additional evidence of hardship to his children is "not so different in kind" from the evidence that was considered before as to create "a request for new relief." *Id.*

Reducindo-Villanueva also purports to assert a due-process challenge to the denial of his motion, but his arguments merely dispute the Board's discretionary hardship assessment. He cannot circumvent the jurisdictional bar in section 1252(a)(2)(B) by "cloaking an abuse of discretion argument in constitutional garb." *Martinez v. Clark*, 36 F.4th 1219, 1230 (9th Cir. 2022) (quoting *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001)).